ROSALIE HACHE et als. *v.* JOHN F. AYRAUD et als.

The Civil Code of 1825, does not contain the provisions of the old Code on the subject of licitation.

The sale to effect a partition under a decree of court, must be made to the highest bidder at public auction. It is a judicial sale which, under Article 1863 of the Civil Code, cannot be invalidated on account of lesion.

Lesion will not invalidate a judicial sale to effect a partition even when the purchaser is one of the heirs of the estate to be divided.

Article 1440 of the Code, which says, that *acts of sale* which tend to the division of property between co-heirs, are subject to rescission for lesion beyond a fourth, must be construed to mean an extra judicial sale, and not one ordered by a court of justice, at which strangers as well as heirs may become purchasers for the purpose of effecting a partition.

APPEAL from the District Court of the Parish of Ascension, *Duffel*, J.
A. *Gentile* and *Mills & LeBlanc*, for plaintiffs and appellants. J. H. *Ilsley*, for defendants.

MERRICK, C. J. The plaintiff instituted an action for a partition of the property belonging to the successions of her father and mother. In her petition, among other things, she alleged that the property was burthened with debts, and that it could not be conveniently divided in kind, and she prayed that it might be sold at auction in the shortest delay, by a competent officer, for cash, each slave, &c., separately.

The defendants answered, and admitted the propriety of a partition by licitation. They prayed for a sale of the property in block, and the defendant, *John F. Ayraud*, claimed the right, as administrator, to retain a sufficient amount of

the proceeds of the property to pay the debts. After hearing the parties, (all being of full age,) the Judge decreed a sale of the plantation and fixtures, &c., certain negroes mortgaged to the Consolidated Association, and 500 shares of the stock of the said Bank to be sold for cash, in block.

The property was regularly sold by the Sheriff, and bought in by five of the co-heirs for $15,000, it having been appraised at $25,006 50.

The present suit is to rescind the licitation on the ground of lesion beyond one-fourth. There was judgment in the lower court against the plaintiff, and she appeals.

Assuming that the action of partition was the main action, and the demand by the plaintiff that the debts also should be paid, a mere incident to the same, the case presents only a question of law, viz., can a sale made to effect a partition under a decree of the court, where the property is adjudicated to certain heirs, be rescinded on the demand of a co-heir for lesion beyond a fourth?

The appellant contends that the following Articles of the Civil Code guarantee to her the action, viz:

Art. 1436—" They (partitions) may even be rescinded on account of lesion; and as *equality is the basis* of partitions, it suffices to cause the rescission that such lesion be of more than one-fourth part of the true value of the property."

Art. 1440—" The action of rescission mentioned in the foregoing Articles, takes place in the cases prescribed by law, not only against all acts bearing the title of partition, but even against *all those which tend to the division of property between co-heirs*, whether such acts be called *sales*, exchanges, compromises, or by any other name."

Were these Articles of the Code the only ones bearing on the subject, (elucidated as they are by the numerous authorities cited from the French writers and the decisions under the Code of 1808,) there would not be much difficulty in deciding the case in favor of the plaintiff's pretensions.

But we are met by two other Articles of the same Code, which declare that lesion cannot have place in judicial sales, even in the case of minors. C. C. 1863, 2572.

To this it is replied by plaintiffs' counsel, that the licitation by which property is adjudicated to a co-heir, *is not a sale.* The French writers appear to be unanimous on this subject, and to support fully this position of plaintiffs' counsel. The case, also, of *Porter* v. *Depeyster*, 18 La. 351, seems to give some countenance to this conclusion.

But we think that a careful comparison of the Code of 1825 with the Code of 1808, will leave but little room to doubt that where property is sold to effect a partition, it must be viewed in most respects as a sale.

Pothier, after giving the origin of the word licitation in matters of partition, defines it thus:

" We understand by licitation, an act by which the co-heirs or other co-proprietors of a thing by undivided interests, put it up at auction among themselves, in order that it shall be adjudged to belong wholly to him offering the most and bidding last, under a charge upon such last bidder to pay to each of his co-proprietors a part in the price equal to the undivided interest which each of the said co-proprietors had in the property offered previous to the adjudication."

This licitation, Pothier declares, is not a sale, and the heir to whom the property is adjudicated, is thought to hold directly from the intestate. Pothier, Vente, Nos. 638, 639; see also Merlin, verbo Licitation, s. 1.

The Code of 1808, follows this doctrine of Pothier, and Article 174, p. 188, expressly declares, that the " cant or licitation *is not a sale ;* it is a mode of partaking, one of the effects of the action of partition of a thing held in common ; it is the complement of the partition."

The case of *Porter* v. *Depeyster,* 18 La. 351, was one arising under the Code of 1808, and governed by the preceding Article.

In the Code of 1825, the Article above recited was suppressed. In the place of the provisions of the old Code on the subject of licitation, the new Code declares, that where the property to be partitioned cannot be conveniently divided, " the Judge shall order, at the instance of any one of the heirs, &c., *that it be sold* at public auction." Art. 1261.

Arts. 1263 and 1264, provide how *the sale* is to be made.

Arts. 1265 declares, that any co-heir of full age, *at the sale,* can become a *purchaser,* and it allows him to retain the *purchase money* until his portion is fixed by a partition.

Art. 1266 provides for the *purchase* of the property by minors.

Art. 2603 is similar to Article 1265.

Arts. 2594 and 2595 declare, sales ordered in matters of partition to be judicial sales.

But it is contended, that the adjudication of property owned in common to a co-heir, cannot, in its nature, be viewed as a sale. We find under the Code of 1825 and Code of Practice, that by adjudication alone, the interests of the other co-heirs, are transferred to the heir purchasing. C. C. 2601 ; C. P. 690. The heir to whom the property is adjudicated, acquires the interest of his co-heirs, for a price in money. It has then, to this extent, the essentials of a sale.

But Article 1440 says, all acts of sale which tend to the division of property between co-heirs, are subject to rescission for lesion beyond a fourth, and this produces a conflict with Article 1863, which declares that no lesion whatever can invalidate judicial sales. It is evident that these two Articles find their harmony in construing the act of sale tending to a division of property spoken of in Art. 1440, to mean an extra judicial sale, and not one ordered by a court of justice, at which strangers as well as heirs may become purchasers for the purpose of effecting a partition.

Notwithstanding the low price which property sometimes (though rarely) brings at probate sale, we think the provisions of law on the subject of judicial sales wise, and that they tend to the security and stability of titles. Besides, the doctrine contended for by plaintiff, would produce inconvenience and sometimes injustice.

It is conceded, that if a stranger buys property at a judicial sale made to effect a partition, there can be no lesion. Why should the heir who has out bid all strangers, be placed in a worse condition than a stranger would be placed, who had bought the property at half the price given by the heir ? If the co-heirs are to have relief for lesion, why should not the heir who has bid a fourth over the value also be relieved ?

It appears to us that our learned brother of the District Court has placed the proper construction upon the Articles of the Code in question, and we fully concur in his conclusions.

Judgment affirmed.