On the Merits.
 

 THOMPSON, J.
 

 The facts are sufficiently stated in the foregoing opinion, overruling the motion to dismiss the appeal, and need not be repeated, here.
 

 When the judgment dissolving the marriage between plaintiff and defendant became final, they became co-owners in indivisión of all the property which belonged to the matrimonial community (the wife having accepted the community within the delay prescribed by law), and either one of them, had the unquestioned right to provoke a judicial partition of the community property. This proposition is not disputed by the defendant.
 

 The complaint of the appellant is that the forms prescribed by law have not been observed, and hence that the order directing a sale of the property to effect a partition was-illegally and improvidently granted and should be set aside.
 

 The contention is based on the allegations contained in an exception to the effect: (1) That no appraisers had been appointed by the court to appraise the property sought to be-inventoried; (2) that the inventory as made includes property which does not exist; (3) that the inventory has never been approved or homologated; (4) that the inventory was not taken contradictorily with the defendant; (5) that the parties in interest should have been referred to a notary public; (6) that ho sale of the property can be ordered unless it is shown that the property is not susceptible of division in kind; and (7) that a sale of the property would be useless because it is heavily mortgaged and incumbered by judgments against the defendant;. (8) that defendant is unable to meet his creditors and his liabilities exceed the value of his estate; (9) that defendant’s prpperty has been seized, >and, unless the said seizure is released and the debts paid, no proceedings can be had herein.
 

 
 *51
 
 The objections were all overruled by the 'court, and "we think properly so.
 

 It is provided by article 1324 of' the ■Civil Code that every judicial partition shall be preceded by an inventory in which the ■effects to be divided shall Ipe appraised according to the form prescribed for public inventories. And where an inventory has been made by the parties interested at a time not ■exceeding one year previous to the suit for partition, the inventory so ..made shall serve as a basis of the partition, unless one of the parties demands that a new appraisement be made, and proves that the effects mentioned in the inventory have not been estimated at their just price, or at a value they have acquired since the date of the inventory. C. C. art. 1325.
 

 In the suit for divorce, the plaintiff prayed that an inventory and appraisement of the ■community property be made by a designated notary. The court so ordered, and the inventory was made by the notary after due notice to the defendant. This inventory was made within a year previous to the suit for partition. The requirement of the law was thus •complied with. The court was not required to appoint the appraisers to make the inventory, and we know of no law, and have been referred to none, which required the court to approve and homologate the inventory.
 

 It has been the custom among some members of the bar to obtain such an order of approval from the judge, but, as weliave stated, such an approval is not specifically required, and its omission certainly cannot affect the validity of the inventory.
 

 The defendant was ruled to show cause why the property of the community as inventoried should not be sold at public auction to effect a partition. There is no evidence in the record to show whether the property could or could not be divided in kind. We must therefore, in the absence of such evidence, assume 'that the trial judge was satisfied that the property was not susceptible of division in kind; otherwise he would not have ordered the property to be sold at public auction. The presumption of the law is that the judgment was supported by legal and proper evidence.
 

 There are no creditors of either the community or the separate spouses who are opposing the sale to effect a partition, and the defendant is without interest in championing the rights of the creditors, if any there be. Besides, if there are any mortgages on the property to be partitioned, either against the community or the separate spouses, the holders of such mortgages will not be without a remedy to protect their rights.
 

 It may be, as contended by defendant, that his liabilities largely exceed in amount the value of his interest in the property, and it may be that his interest is under seizure (there is no evidence to this effect), still that fact would not deprive the plaintiff of the right to have a sale of the property for the purpose stated.
 

 The appellee has answered the appeal, and prays for an amendment of the judgment by fixing the terms of the sale at one-half or more cash, balance in one year, with S per cent, per annum interest; the credit portion, if any, to be secured by vendor’s lien and mortgage oh the property sold, with the pact de non alienando, with provision for insurance and all security clauses, the purchaser to deposit 10 per cent, of the purchase price at the time of the adjudication, etc.
 

 The trial judge was charged with the duty of regulating the manner and method of effecting the partition as it appeared to him to be the more convenient and the more advantageous to the parties in interest. And either of the parties had the right to demand that the sale be made for cash to cover the interest coming to such'party. No such demand appears to have been made in the lower court,
 
 *53
 
 nor was the matter of sale on terms of credit considered.
 

 In the absence of any provision in the judgment to the contrary, the terms of sale must be for cash, and at not less than two-thirds of the appraised value of the property at the first offering. Succession of Hood, 33 La. Ann. 472; Sibley v. Pierson, 125 La. 522, 51 So. 502.
 

 If it is the desire of either of the parties that the sale should be rhade on terms of credit instead of for cash, on proper application the district judge will doubtless grant the relief prayed for. As the sale on terms of credit was not submitted to the lower court, we do not feel authorized to amend the judgment in this respect.
 

 The judgment appealed from is affirmed.