Statement of the Case.
NICHOLLS, J.
Plaintiffs allege: That their ancestor, Dr. John Sibley, died in the year 1S37 in the parish of Natchitoches, place of his residence. That he left surviving him a widow and eight children and the four children of a predeceased child. That he had been married three times, and had children by his three wives. That by his first wife he had two children (naming them). That by his second wife he had two children. That by his third wife, who survived him, he had five children. That during his second wife’s life, to wit, on November 25, 1807, he bought for the community existing between them and his said wife a tract of land from Marguerite Langlois, said tract being situated in the parish of Natchitoches and partly in the town of Natchitoches. That his title to said tract was confirmed by the United States commissioners for the Western district of Orleans Territory, under authority conferred on them by section 4 of the act of Congress of March 3, 1807 (2 Stat. 440, c. 36), and said commissioners issued final certificate for the same. That said land was subsequently surveyed by authority of thd United States, and became section 48, township 9 north, of range 7 west, on the official plat, containing 370.61 acres.
That during said second wife’s life, to wit, on March 28, 1803, Dr. John Sibley bought from the estate of Le Clerk another tract of land, also in the city of Natchitoches. That he presented his claim to said tract to the United States commissioners for the Western district of Orleans Territory (afterwards the state of Louisiana), which commissioners recommended the claim for confirmation in their report of May 11, 1815, and same was cdhfirmed by act of Congress of date March 31, 1S26. That said claim was afterwards located as lot 15 of section 45, in township 9 north, of range 7 west, containing 11.28 acres, situated in the city .of Natchitoches, and bounded north by Horn street, east by Front street, south by St. Dennis street, and west by Bayou Jacko. That both of .said tracts of land belonged to the community existing between Dr. Sibley and his second wife. That, parts of both of said tracts of land were subdivided into town lots, and some of said lots were sold by Dr. John Sibley in his lifetime, and some by I-Ienry Robert Sibley and the other heirs of Dr. John Sibley after his death —they having accepted his succession, except Elizabeth — leaving the great part, though, unsold. That they annex hereto as a part hereof, marked “Exhibit B,” a plat showing so much of said first-mentioned tract of land as is necessary for the purposes of this suit, and indicating the parts of same so sold and the parts so remaining unsold. That they also indicate on said plat certain parts of said land which were sold or donated by E. L. Pierson and his legal representatives. That, but for said sales and donations by E. L. Pier-son and his legal representatives, the parts of both of said tracts of land remaining after taking out the parcels sold by Dr. John Sibley and his heirs would belong in indivisión to your petitioners and the other heirs of Dr. Sibley and to the heirs of Mrs. Hattie M. Pierson in the proportions hereinafter set out.
That at the death of Dr. Sibley’s second wife her undivided interest in said tracts, and also in all other property of the second community, descended to her son, Henry Robert Sibley, alone; her daughter, Ann Elizabeth Sibley, not participating for reasons hereinafter set forth. That at the death of Dr. John Sibley his undivided half interest in all property of all the community descended, one-eighth thereof to each of his surviving children, except Ann Elizabeth, and one-eighth to the four children of his predeceased son, Samuel I-I. Sibley.
*483 That Henrietta Sibley, wife of Dr. Rayburn, died without issue in 1846; her share in John Sibley’s succession descending one-fourth thereof to her mother, Eulalie, and one-half of the other three-fourths to her brothers and sisters of the whole blood, and the other half of said three-fourths to. all of her brothers and sisters. That Helena Sibley, wife of P. E. Kimball, died without issue in 1850; her share in John Sibley’s succession, as augmented by inheritance from Henrietta, descending one-fourth to her mother, Eulalie, and the balance one-half to her brothers and sisters of the whole blood and one-half to all her brothers and sisters.
That Horatio Sibley died in 1851, and his interest in John Sibley’s succession was sold at succession sale, and was bought by one A. P. Staring, who sold same to Samuel H. Sibley, 2d.
That Samuel H. Sibley, 2d, died iu 1853, and at his succession sale his interest in John Sibley’s succession, augmented by inheritance from Henrietta and Helena and by purchase of Horatio’s interest, was bought by S. M. Ilyarns, at whose succession sale in 1872 it was bought by E. L. Pierson. That Rufus and Eulalie sold their interest in John Sibley’s succession on November 14, 1859, to E. L. I-Iyains, at whose succession sale in 1872 said interests were sold to said E. L. Pier-son. That said E. iL. Pierson died in 1876 (1875), and at his succession sale his entire interest in John Sibley’s succession was bought by his widow, Mrs. Hattie M. Pier-son, at whose death it descended to her heirs, who own it yet; said heirs being her four children, viz.:
(a) Miss Florence Pierson, Rapides parish, La.
(b) Percy I-I. Pierson, of the same residence.
(c) Edwin P. Pierson, of the same residence, and
(d) William H. Pierson, Madison parish, La.
That George O. Sibley died in 1859, without issue; his share in John Sibley’s succession, as augmented by inheritance from Helena and Henrietta, descending one-half to the descendants of his full brother, Samuel H. Sibley, 1st, and the other half to. the descendants of said Samuel J. Sibley, 1st, the descendants of Henry Robert Sibley and Rufus Sibley, his other two brothers and sisters, having all previously died without issue, except Ann Elizabeth, who did not participate.
That at the respective deaths of S. H. Sibley, 1st, and Henry Robert Sibley, their interests descended to their children, respectively, and, when these died leaving children, descended to said children, and so on.
That Ann Elizabeth Sibley, who married Josiah S. Johnston, and afterwards Henry D. Gilpin, never accepted the succession either of her mother or her father, but, on the contrary, renounced the same. That she executed and signed, with the authorization of her husband, Henry D. Gilpin, a formal act of renunciation; but for some reason same-was never recorded, and is lost. That her rights and those of her descendants to accept said succession is now iwescribed against by the prescription of 30 years, which prescription petitioners specially plead against said right.
That petitioners have been unable, though they have made diligent inquiry, to ascertain the names and residences of the descendants and heirs of Mrs. Gilpin, except that they have reason to suppose that Mrs.. C. S. W. Packard, wife of C. S. W. Packard,, of Philadelphia, Pa., is one of her descendants, though in what degree is not known.. That said Mrs. Packard, so her husband writes, does not wish to claim any interest in the property, though she failed to formally renounce same wheu requested.
That but for the sales and donations made by E. L. Pierson and his legal representatives, the parts of said two tracts remaining: *485 unsold, after taking out the parcels sold by Dr. Sibley and his heirs, would be owned in indivisión as follows:
First. Heirs of S. H. Sibley, 1st, 4033%44064-
One-ninth thereof to Francis Lee Chauvin if alive, or his heirs if dead.
One-ninth thereof to Henry Hopkins Lee if alive, or his heirs if dead.
One-ninth thereof to Alice Lee Washington if alive, or her heirs if dead.
One-third thereof to 'Charles Sevier.
One-sixth thereof to Mrs. Helen White.
One-half thereof to Henry O. Sibley.
One-twelfth thereof to Harvey 'Sibley.
Second. Heirs of Henry Robert Sibley, 200263/344064*
One-third thereof to S. H. Sibley.
One-third thereof to Mrs. Mary W. Morris. „ .
One-third thereof to Mrs. Helena H. Flournoy.
Third. Heirs of Rufus Sibley, <t»33/s440e4.
One-eighth thereof to Mrs. Mary H. Hanks.
One-eighth thereof to Mrs. Emma L. Montgomery.
One-eighth thereof to Mrs. Harriett S. Haynes.
One-eighth thereof to H. N. Sibley.
One-eighth thereof to William Rufus Sibley.
One-eighth thereof to Walter L. Sibley.
One-eighth thereof to H. I. Sibley’s children.
One-eighth thereof to Julia Sibley.
Fourth. Heirs of Mrs. Hattie M. Pierson, 99438/844084,
One-fourth thereof to Mrs. Florence Pier-son.
One-fourth thereof to Percy H. Pierson.
One-fourth thereof to Edwin P. Pierson.
One-fourth thereof to William H. Pierson.
That they annex hereto as a part hereof, marked “Exhibit D,” a condensed statement showing said present status and the changes by sale and descent that produce it.
That said E. L. Pierson and said Mrs. Hattie M. Pierson and said four heirs of the latter, fraudulently ignoring the rights of their co-owners, sold and otherwise disposed of various parcels of said two tracts, the parcels so disposed of being shown in detail by the annexed schedules, made part hereof, viz.: Exhibit E, showing parcels disposed of by E. L. Pierson out of first tract; Exhibit F, showing parcels disposed of by E. L. Pier-son out of the second tract; Exhibit G, showing parcels disposed of by Mrs. H. M. Pierson out of first tract; and Exhibit H, showing parcels disposed of by her heirs out of first tract. They reserve the right on trial to show other parcels disposed of besides those detailed on said schedule.
That the Pierson heirs refuse to recognize the rights of petitioners and their coheirs, and are asserting sole ownership in themselves of all the property remaining on hand.
That of the parcels so disposed of by E. L. Pierson and his successors in the title some have changed hands several times, and suit by petitioners for their interests in same would lead to numerous calls in warranty and thus produce interminable litigation; some have been in actual possession of purchasers long enough for prescription to accrue, and petitioners’ interest in them, therefore, could not be recovered; and some have been improved by good-faith purchasers, who, in case of partial eviction, would be entitled to compensation for improvements, to pay which would be a great hardship on petitioners. For all of which reasons pursuit by petitioners of their interests in said parts is impracticable, though they reserve the right to pursuit in case the relief herein sought against the Pierson heirs is for any reason denied them.
That petitioners desire and are entitled to demand, as against the Pierson heirs, on behalf of themselves, and also on behalf of their similarly situated coheirs of John Sibley, made defendants herein, a judgment fix *487 ing the respective rights and interests of all parties in the original property, as well as in what remains, a settlement of said rights and interests, and a partition of the property left. That the property is susceptible of partition in kind.
That the partition ought to include .all other property left by John Sibley, if any. That such settlement and partition ought to be made on the following basis:
First, there ought to be set off to the Pier-sons the parcels disposed of by them and by Mrs. H. M. Pierson and E. L. Pierson.
Next, there ought to be set off to your petitioners and their similarly situated coheirs .enough of what remains to produce equality; that is,'to give them such proportion in value of their entire interest in all the original common property as the value of the parcels set off to the Piersons bears to the value of the original interest acquired by E. L. Pier-son.
Lastly, the property then remaining- ought to be partitioned in proportion to the respective original interests of the parties.
That this basis is warranted by law, enjoined by justice and equity, and has the practical advantage, inuring to the benefit of all parties, that it will avoid a multiplicity of long, expensive, and troublesome suits and by settling the entire matter in one suit will quiet the titles of numerous persons who bought from the Piersons and will relieve them from all disturbance, will relieve the Piersons themselves of numerous calls in warranty, and will relieve the ignored co-owners from the necessity of prosecuting innumerable, long, expensive, and troublesome suits for the enforcement of their rights. That the court, under its .power to proceed and decide according to equity, has the authority to order such basis, and ought to do so, for the practical reasons above set forth, and also for the reason that equality, which is the essence of partition, cannot otherwise he brought about.
That the Pierson heirs are estopped from objecting to such basis, because the disposition by them and their predecessors in the title of the particular parcels was, in effect, an election to take such parcels on account of their shares, and said heirs cannot in good conscience repudiate such election without restoring the elected parcels, which, of course, it is impossible for them to do. That if, for any reason, the court should not consider the above-demanded basis of settlement warranted by law, then equalization ought to be effectuated in some other manner, say by giving your petitioners money judgment against the Pierson heirs for the sum of $5,000, that being the fair .present value of their interest in the parcels disposed of by the Pierson heirs and by Mrs. I-I. M. Pierson and E. L. Pierson, as follows, viz.: Two thousand dollars; value of said interest in parcels disposed of by Mrs. I-I. M. Pierson, $2,000; and the value of said interest in parcels disposed of by Pierson heirs themselves, $1,000. That a notary public ought to be appointed to make the settlement and partition, and experts ought to be appointed to appraise the entire property, and also the parcels sold by the Piersons, and also the parcels left, and to form lots out of what remains, and to assist generally in the matter.
That auditors ought to be appointed to assist the. court and the notary. That none of the second described tract of land remains on hand; E. L. Pierson and his legal representatives having sold all of same not sold by Dr. Sibley or his heirs. That the parts remaining unsold of the first tract are particularly . described on the schedule annexed hereto as a part hereof, and marked “Exhibit I.” That Mrs. Helen White, Francis Lee Chauvin, Henry Hopkins Lee, and Mrs. Alice Lee Washington and her husband, if the last four mentioned persons are alive, or *489 their heirs, if they are dead, being absentees, it is necessary to appoint a curator ad hoc to represent them herein. That it is also necessary to appoint a curator ad hoc to represent Mrs. C. S. W. Packard and her husband and the other heirs of Mrs. Henry D. Gilpin and Mrs. Helena Sibley White. That it is necessary to appoint a tutor and curator ad hoe to represent the minors Henry O. Sibley and Harvey Sibley. That it is also necessary to appoint a tutor and curator ad hoc to represent the minors Clyde Sibley, Rufus Sibley, and William Sibley.
That it is also necessary to appoint auditors to assist .the court in settling and adjusting the respective rights and interests of the parties plaintiff and defendant in the suit. Petitioners pray: That said auditors and experts and notary public be appointed' and an estimative inventory ordered made. That a curator ad hoc be appointed to represent the absentee above mentioned. That curators and tutors ad hoc be appointed to represent the minors Henry C. Sibley and Harvey Sibley and the three minor children of Henry L. Sibley. That said absentees be cited and served according to law. That service and citation also be made on the four heirs of Mrs. H. M. Pierson.
That a partition in kind be made as between the heirs of Mrs. H. M. Pierson on the one side and petitioners and their similarly situated coheirs made defendants herein on the other side.
That said partition be made according to the principles and on the basis above mentioned; that is to say, that the notary be ordered to set off to the heirs of Mrs. H. M. Pierson the parcels disposed of by E. L. Pier-son, Mrs. H. M. Pierson, and the latter’s heirs; that out of the balance there be set off to petitioners and their similarly situated coheirs, made defendants herein, a quantity sufficient to produce equality — that is, to give them such proportion in value of their entire interest in all the original common property as the value of the parcels, set off to the Pierson heirs bears to the value of the original interest acquired by E. L. Pierson; and, lastly, that the property remaining after setting off the parcels so assigned to the Pier-son heirs and to petitioners and their similarly situated coheirs be partitioned in proportion to the respective original interests of the parties.
That if,, for any reason, the court should not consider them and their similarly situated coheirs entitled to demand the above-mentioned basis of partition, then that equality be produced in whatever other equitable method may seem fit to the court, say by the rendition of money judgment against the Pier-son heirs for $5,000, or in such other way as law and equity may warrant. In case relief is denied them altogether on this score, they pray that their right be reserved to claim their interest in said parts disposed of by the Piersons. They finally pray for costs and general relief.
The court appointed J. H. Hicks, attorney at law, curator ad hoe to represent the absentees:
(1) Francis Lee Ohauvin if alive, and his heirs if dead.
(2) Henry Hopkins Lee if alive, and his heirs if dead.
(3) Mrs. Alice Lee Washington and husband if alive, and their heirs if dead.
(4) Mrs. C. W. S. Packard and husband.
(5) Mrs. Helen Sibley White.
And he is also appointed curator ad hoc to represent the minors:
(1) Henry O. Sibley.
(2) Harvey Sibley.
(3) Clyde Sibley.
(4) William Sibley.
(5) Rufus Sibley.
He qualified under his appointment.
The defendants the Pierson heirs, through their counsel, answered, pleading first a gen *491 eral denial. Further answering they admitted that they are the Pierson heirs, as alleged, of H. M. and E. L. Pierson, and are the ones in possession of the said property, known as the “John Sibley property,” described in the petition, and show that, instead of being part owners of the said property, they are the sole owners of the whole, and do not hold in co-ownership with the alleged Sibley heirs, plaintiffs, or other persons. They further show that they have been in the undisputed and peaceable possession of all of said property as owners of the same in their own names and through their authors by titles good and valid on their faces and translative of property for over 10 years, and therefore plead the bar and prescription of 5 and 10 years against any claim of plaintiffs as to their title.
That they and their authors have been in free, full, and peaceable possession and have held said property as owners for over 30 years, and therefore further plead the bar and prescription of 30 years against plaintiffs or any claim that they may have had against said property and in bar of this suit.
They further show that they acquired their titles to said property by inheritance from their deceased mother, Mrs. Hattie M. Pier-son, and she by sale or purchase at succession sale of her deceased husband, E. L. Pierson, in the year 1876, and he from the successions of S. M. and E. L. Hyams, and they from the heirs of a widow of John Sibley, and therefore specially deny that plaintiffs have any right, title, or interest in same, as they have never accepted the succession of John Sibley, and in fact have tacitly renounced same, and any claim on their part at this time is specially barred and prescribed by the prescription of 30 years, which bar and plea of prescription is herein specially pleaded, as they have not made any claim or pretension of heirship before or within 30'years.
They further show that plaintiffs are es-topped from pleading that the property herein named is divisible in kind, for in another suit, No.--— on the docket of the Eleventh district court, entitled “S. H. Sibley et al. v. Pierson Heirs et al.,” between the same plaintiffs and defendants and for the same property, plaintiffs judicially alleged that the said property was not divisible in kind, and would have to be sold to effect a partition; that same act was and is a judicial estoppel against their present claims and allegations in the present suit.
They further show that they and their authors sold parts of the property named, but did so as sole owners, and not coheirs with plaintiffs.
They further show that, if plaintiffs have or had any claim to part of said property, they would not be entitled to a partition of said property as prayed for by plaintiffs, for by their nonuse, nonaction, and negligence on their own part; for they have’permitted same to be sold, and their claim lost by prescription, and plaintiffs could not in law or equity be permitted to sit down for over 30 years, not pay taxes or use the property, or claim ownership, and see defendants sell at different times when prices were low and then come in at the present time and claim to be put on an equal footing with defendants, by being allowed the same amount of property to be given them as sold by defendants and their authors out of remaining property now on hand. They should, if they have any claim at all, be forced to go back on the different vendees for same, and if they have lost their right by prescription, nonuse, negligence, or otherwise, the loss caused by their said negligence and nonuse and prescription should fall on their own shoulders, and not on defendants, who have kept up and protected their rights and interests.
They further show and allege that the said property is not divisible in kind and could *493 not be divided equally between plaintiffs and defendants, if plaintiffs had a claim to same or any part thereof.
They further show that they and their father and mother have paid the taxes on said property for 33 years at an average of $30 per year, which amounts to about $1,000 taxes so paid, with 5 per cent, per annum interest on same from date of each payment, and if for any cause the plaintiffs should get a judgment of any kind against defendants for any part of said property or for money, that they should have a judgment against the plaintiffs for their pro rata of the said taxes paid, with 5 per cent, per annum interest on each payment from its date.
They specially deny the right of the plaintiffs or the law ordering experts and a notary in this case, as the same was not necessary or legal. They further show that, if plaintiffs had or have any rights in the property sold by defendants, defendants could only have sold their interests, and not the interests of plaintiffs, and plaintiffs have no right of action against these defendants for their interests in same, and they must sue and recover same from said persons, and not defendants, by partition or otherwise, and are in no wise responsible to plaintiffs for same, or the price thereof. Defendants further deny any and all other claims and allegations set out by plaintiffs. They further show that the heirs and representatives of Robert H. Sibley are debarred and estopped from contesting the sales and the acts of their ancestor, Robert H. Sibley.
In view of the premises they prayed that pleas of prescription and estoppel be sustained, and that the demands of the plaintiffs be totally rejected and disallowed, at the plaintiffs’ costs; that, if in ahy case the plaintiffs should recover against defendants a judgment for any amount of the said property or money, they have judgment in their favor against plaintiffs for their pro rata of the taxes paid on the property for 33 years at the rate of $30 per year, with 5 per cent, per annum interest on each year’s taxes so paid from the date of payment; that is, their pro rata of $30 per year since 1871, with 5 per cent, per annum on each of said payments for each year from that date; and for general relief.
J. H. Hicks, as curator ad hoc, filed the following answer:
Now into court come'Francis Lee Ghauvin if he is alive, and his heirs if dead, Henry Hopkins Lee if alive, and his heirs if dead, Mrs. Alice Lee Washington and her husband if alive, and their heirs if dead, Mrs. Helen Sibley White, and also the minors, Henry C. Sibley, Harvey Sibley, Clyde Sibley, William Sibley, and Rufus Sibley, in the above numbered and entitled cause, and in answer to the demand therein they adopt plaintiffs’ petition in every respect, except the amount therein alleged to be due them, which is much more than set forth in said petition.
In view of the premises they pray that said demand be allowed, with the said correction as to their parts, and for all costs of suit, and general relief.
The Pierson heirs filed the following exceptions of no cause of action and of prescription on the following grounds:
(1) As to the property described in Exhibits E, F, G, and H, attached to and made part thereof, plaintiffs’ petition discloses no cause of action. The action of partition lies only between co-owners, and defendants do not own, either in whole or in part, any of the property described in said Exhibits E, F, G, and H, and said petition so shows, and the owners are not parties hereto.
(2) Defendants’ father, E. L. Pierson, took possession as the owner of the whole property as described in Exhibits E, F, G, H, and I in 1872, and not of merely an undivided interest therein, and he and his assign, Mrs. H. M. Pierson, who bought at his succes *495 sion, and defendants and their several vendees, have held possession as owners for more than 30 years, without interruption or dispute from 1872 until the institution of this suit, and defendants plead the prescription of 30 years against plaintiffs’ action.
(3) Plaintiffs’ only remedy is a petitory action, which cannot be prosecuted under the guise of a partition suit, and the petitory action herein does not ask for the relief incidental to a petitory action.
(4) Defendants inherited nothing from their father, and they cannot be made to account for or pay any amount he may have received for any part of the property he sold.
(5) In so far as this may be a suit for the value of property sold, even if successful, plaintiffs can recover only théir share of the proceeds of such sales. Besides, all such demands are prescribed, and defendants plead the prescription of 3 and of 10 years against the same.
These exceptions were overruled during the trial.
The Pierson heirs suggested to the court that the plaintiffs in this case based their main claim to the property herein sued for under the community of Dr. Sibley’s second wife and of the children of the second marriage; that on-, recorded in Book 42, page 204, the heirs ascendants of plaintiffs executed a power of attorney to Rufus Sibley, a coheir, .in which they recognize Mrs. Eulalie Sibley as the widow in community of the said Dr. John Sibley; that at various other times the said heirs have executed separate powers of attorney to the said Rufus Sibley, authorizing him to act, perform, agree, sell, collect, and do various and sundry things for them and in their stead, which power of attorney and acts executed by Rufus Sibley under them have just been filed in evidence by plaintiffs, and that acting by this authority he, the said Rufus Sibley, acting for himself, for the widow in community, Eulalie Sibley, and for the balance of the heirs of Dr. John Sibley, made various sales and performed sundry acts for. the benefit of himself and his constituents, and in all such acts he recognized that the said Mrs. Eulalie Sibley was the widow in community of the said Dr. John Sibley; and that in the face of such admissions and acknowledgments the said heirs, and their heirs, plaintiffs herein, are estopped and debarred from contesting the said community interest of Mrs. Eulalie Sibley.
Defendants, the said Pierson heirs, beg leave and do hereby tender this their plea of estoppel against such action on the part of plaintiffs and the heirs of Sibley, made defendants herein with the Pierson heirs.
In view of the premises, they pray that their plea of estoppel be sustained, that plaintiffs demand be rejected, for costs, and for general relief. ’ .
The Pierson heirs, suggesting that plaintiffs’ ancestors, as heirs of John Sibley, treated Eulalie Sibley as his widow in community, entitled to her community interest in the property, involvéd here, and plaintiffs are estopped from now questioning her community rights, and defendants plead estoppel against all the plaintiffs.
They further show that, Rufus Sibley having sold his interests in the succession of his father to E. L. Hyams, whose interest was bought by E. L. Pierson, the heirs of Rufus Sibley, plaintiffs herein, are estopped from questioning the title derived from him, and defendants plead said estoppel against them.
The district court rendered the following judgment:
“By reason of the law and the evidence being in favor of the heirs -of S. H. Sibley, 1st, and of R. II. Sibley, and against the defendants, the heirs of Mrs. Hattie M. Pierson, it is ordered, adjudged, and decreed:
“Eirst. That the heirs of S. H. Sibley, 1st, and the heirs of Robert H. Sibley, be and they are hereby decreed to be the owners of an undivided thirty-four thousand two hundred and *497 eighty and a half one hundred and fourteen thousand six hundred and eighty-eighths (5^4688%) interest in and to the property sought to be partitioned herein, and described in detail in Exhibit I annexed to the petition in this suit, which Exhibit I is hereby made a part of this judgment; the interest of the said heirs as amongst themselves being as hereinafter set forth.
“Second. Said property shall, in order to effect a partition, be sold by the sheriff of Natchitoches parish after 30 days’ advertisement at public auction at the front door of the courthouse in the city of Natchitoches for cash for what it brings without appraisement.
"Third. The demand of the plaintiffs for a collation of the property sold by E. L. Pierson and H. M. Pierson and the heirs of the latter is hereby rejected and disallowed, the costs occasioned by said demand to be paid by said heirs of R. H. Sibley and S. H. Sibley, 1st; but the right is reserved to said plaintiffs to sue the present claimants of said property for their interest therein.
“Fourth. On the reconventional demand of the defendants the Pierson heirs, it is ordered, adjudged, and decreed that the amount of taxes paid by them on the entire property to be partitioned is the sum of $700, and they are entitled to recover the same out of the proceeds of sale of said property before division amongst the respective owners.
“Fifth. The proceeds of the property, when sold, shall be divided as follows:
“(a) The court costs in the matter of the partition proper shall be first paid.
“(b) The heirs of Mrs. Hattie M. Pierson shall be refunded the amount paid by them for taxes as above mentioned.
- “(c) The rest of the proceeds shall be divided in the following proportions, namely:
“(1) To the heirs of S. H. Sibley, 1st, twenty thousand one hundred and sixty-five one hundred and fourteen thousand six hundred and eighty-eighths (jj46880), of which Francis L. Chauvin (or his heirs, if dead), Henry H. Lee (or his heirs, if dead), and Alice Lee Washington (or her heirs, if dead) shall each get one-ninth, Charles Sevier shall get one-third, Helen Sibley White shall get one-sixth, Henry C. Sibley and Harvey Sibley shall each get one-twelfth.
“(2) To the heirs of Robert H. Sibley fourteen thousand one hundred and fifteen and a half one hundred and fourteen thousand six hundred and eighty-eighths (j^¿|n¡), of which S. H. Sibley, Mary White Morris, and Helena H. Flournoy shall each get one-third.
“(3) To the heirs of Mrs. Hattie M. Pierson eighty thousand four hundred and seven and a half one hundred and fourteen thousand six hundred and eighty-eighths (yjjgg'ifo)-
“The costs of suit, so far as dispute over the question of title is concerned, are to be taxed against the Pierson heirs.”
The Pierson heirs have appealed. Plaintiffs have answered the appeal, praying that the judgment of the lower court be amended in the following respects:
(1) Decreeing the property remaining on hand partitioned in kind, instead of by sale.
(2) Decreeing that the said Pierson heirs collate the various lots sold by E. L. Pierson, Mrs. H. Pierson, and themselves, by ordering said lots assigned to said heirs as part of their share in the partition, and said heirs taking less in the remaining property.
(3) Decreeing that out of the lots remaining on hand there shall be 'assigned to plaintiffs and their similarly situated coheirs, made defendants herein, at the choice of said plaintiffs and said coheirs or otherwise as the court may deem equitable, lots of sufficient value to produce equality as between the Pierson heirs and the other co-owners of the property.
(4) In the alternative, if the court should not consider plaintiffs and their similarly situated coheirs, made defendants herein, entitled to the above method of compensation or collation, then decreeing that such compensation or collation shall be by proper money allowance of $5,000 or some other such sum as the court may deem necessary to produce equality, and that for the amount of such money allowance plaintiffs and their similarly situated coheirs, made defendants herein, be awarded judgment against the Pierson heirs or the right to lots in kind as the court may direct, and this whether partition be decreed made in kind or by sale. They pray that this motion be sustained, and that the judgment of the lower court be amended in the respects pointed out above, and in all other respects that the same be affirmed.
The appellants (the Pierson heirs) have filed the following pleas in this court:
Now come appellants, the Piersons, and, reiterating thé pleas of prescription filed below, but not recalling exactly what they *499 were, and not having access to tlie record, specially plead the prescription of 3, 10, and 30 years against all demands by way of compensation in money or other property with reference to those pieces of property sold by appellants and their mother and father. Appellants further.plead the prescription of 30 years against the right of heirship asserted by .appellees. Appellants show that the record contains all the evidence necessary to determine these pleas, and pray that they be considered along with the other pleas and •defenses.
The Pierson heirs plead in this court the prescription of 3, 10, and 30 years against all demands by way of compensation in money or other property with reference to those pieces of property sold by appellants and their mother and father. They further plead the prescription of 30 years against the rights •of heirship asserted by appellees.
The parties represented by the curator ad hoc have not appealed, nor made any appearance in this court. It was admitted on the trial:
First. That the genealogical tree annexed to plaintiffs’ petition, and therein called “Exhibit A,” is a true and correct history of Dr. John Sibley’s family, and correctly sets forth the names and dates of birth, marriage, and death of his wives and descendants, except as to such of his descendants as are therein stated to be unknown.
Second. That there were sold, out of what is called in the petition the first or lower tract, parcels as follows:
(a) By E. L. Pierson, those mentioned in Exhibit E on the dates shown on said exhibit.
(b) By Mrs. H. M. Pierson, those described in Exhibit G on the dates shown by said exhibit.
(c) By the heirs of Mrs. H. M. Pierson, those described in Exhibit H on the dates shown on said exhibit.
Third. That H. L. Pierson sold out of what is called in the petition the upper or second tract the parcels described in Exhibit F on the dates shown on said exhibit.
It is conceded that the property involved in this litigation formed part of the property of the succession of John Sibley.
The origin of the rights of the Piersons were the purchases made on the 14th of November, 1859, by E. L. Hyams from Eulalie Sibley (third wife), widow of John Sibley, acting individually and as attorney in fact of her son Rufus Sibley, of
First. All her right, title, and interest, claims, and pretensions in and to the succession of her late husband, John Sibley, and all her right, title, and interest in and to the succession of her deceased daughter, Helena Sibley, widow of Peter F. Kimball; and
Second. All the right, title, and interest of her son, Rufus Sibley, in and to the succession of his father, John Sibley, and of his sister, Helena Sibley, widow of Peter F. Kim-ball.
This sale, so far as Rufus Sibley was concerned, was ratified by him on the 8th of December, 1859, by act before Austin Miller, recorder of the parish of Natchitoches, and by the purchase made by S. M. Hyams on the 3d of February, 1855, in the matter of the succession sale of Samuel Hopkins Sibley, at which sale S. M. Hyams purchased the interest of S. H. Sibley in the succession of his father, John Sibley, described as being one-fourth, and the interest of S. H. Sibley in the estate of his sister, Helena Kimball, described as being one-third of said estate.
S. H. Sibley had purchased from A. P. Starring by act before Valery Schultz, notary, on the 4th of September, 1852, all the right, title, and interest of Horatio Sibley, deceased, in and to the estate of his father, John Sibley, described as being one-eighth part of said estate, and all the right, title, and interest of Horatio Sibley in and to the estate *501 of his sister, Helena Kimball, described as being one-sixth part of said estate.
A. P. Starring, who sold to S. H. Sibley, had himself purchased at the sale made in the matter of the succession of Horatio Sibley on the 25th of October, 1851, all the right, title, and interest of Horatio Sibley in the estate of his father, John Sibley, described as being the one-eighth part of said estate; also all the right, title, and interest of Horatio Sibley in and to the estate of his sister, Helena Kimball, described as being one-sixth part of said estate.
On the 20th March, 1872, in the matter of a sale made in the succession of E'. L. Hyams, E. L. Pierson bought:
The interest of the deceased in the Quinally claim, situated in the government map as section 37, containing 5,87G acres, acquired by purchase from Eulalie Sibley and Rufus Sibley; and
“Their interest in the succession of John Sibley and Helena Kimball, deceased, by act before Greneaux, notary, on the 14th November, 1859.
“Succession of S. M. Hyams.
“Inventoried in the succession of S. M. Hyams, of John Sibley, and the one-third in the succession of Helena Kimball.”
Succession of S. M. Hyams.
At the Sale made in the succession of S. Bl. Hyams, E. L. Pierson bought the one-fourth interest in the succession of John Sibley and the one-third interest in the succession of Helena Kimball acquired by S- M. Hyams at the succession sale of Samuel Hopkins Sibley on the 13th day of January, 1855.
Pierson became the purchaser at a sale made on 12. months’ credit on a 12-months bond for the price of $20. He purchased the bond. In the bond it is recited that it represented the purchase price of “the one-fourth interest in the succession of John Sibley and the one-third interest in the succession of Helena Kimball acquired by S. M. Hyams at the succession sale of Samuel Hopkins Sibley on the 13th of January, 1855,” adjudicated to the undersigned, E. L. Hyams (E. L. Pierson), at the sale of the effects belonging to the succession of S. M. Hyams.
The bond not being paid at maturity, a fieri facias issued upon it, in which writ it is recited that the seizure to be made thereunder is to satisfy a 12-months bond of E. L. Pier-son, secured as to payment by special mortgage on “the one-fourth interest in the succession of John Sibley and one-third interest in the succession of Helena Kimball.”
On the 10th of September, 1S72, Harry Percy, a surveyor, at the request of E. L. Pier-son, made a survey of the property now in litigation and a plot of the same into lots, and at dates thereafter up to his death, which occurred on December 25, 1875, he leased different portions of that property and made sale of a number of lots found on that plot on the property; the property leased and the lots sold covering the whole of the property so leased and sold, and not undivided interest therein.
In the inventory made of his estate the following appears:
“The interest of the deceased in the succession of John Sibley and Helena Kimball, both deceased, said interest having been acquired by said deceased from the successions, respectively, of S. M. and E. L. Hyams, and consists of vacant lots in the city of Natchitoches and unimproved lands in the parish of Natchitoches appraised at the sum of five hundred dollars.”
The succession of Pierson was administered upon as an insolvent succession. All the property of the succession was sold to pay debts, and in the petition praying for a sale it was referred to as insolvent.
The administrator filed a final account of his account, which after due proceedings was approved and homologated and the administrator discharged.
Prom that account it appears that Mrs. I-I. M. Pierson bought property to the amount of four hundred and some dollars and paid for it out of her claim to $1,000 as a widow in *503 necessitous circumstances. A number of creditors were shown to have been left unpaid. We do not find any evidence of her having accepted the community between herself and her deceased husband.
By claiming and receiving payment as a widow in necessitous circumstances, she virtually renounced the community. Harbour v. Haynes, 16 La. Ann. 254.
In the procés verbal of the succession of E. L. Pierson, made on the 16th September, 1876, the following appears:
Succession of E. L. Pierson.
Succession Sale 16th September, 1876.
Offered for sale severally and successively the following described tracts and parcels of ground, for each and all of which as severally offered Mrs. Hattie Pierson, being the last and highest bidder, became the purchaser in the manner and for the prices herein after stated, to wit:
Lot No. 3, Sec. 26, and Lot No. 7, Sec. 27. T. 10 S., R. 8 W., for $25.
The interest of the deceased in the Sibley and Kimball estate, comprising the Quinally claim, about % undivided interest in See. 37, T. 11, R. 10 W., being same acquired by said deceased with other property on the 20th of March, 1872, at the succession sale of E. L. Ilyams for five hundred dollars.
Lot No. 1, Sec. 39, T. 10, R. 8, for twenty dollars ...........................................$20 00
Lot No. 2, Sec. 39, T. 10, R. 8, for twenty-four dollars .......................................... 24 00
Lot No. 3, Sec. 39, T. 10, R. 8, for twenty-four dollars .......................................... 24 00
Lot No. 4, Sec. 39, T. 10, R. 8, for twenty-five dollars .......................................... 25 00
Lot No. 1, Sec. 34, T. 10, R. 8, for twenty-four dollars .......................................... 24 00
Lot No. 2, Sec. 34, T. 10, R. 8, for twenty-four dollars .......................................... 24 00
Lot No. 3, Sec. 34, T. 10, R. 8, for twenty-four dollars ..........................,............... 24 00
Lot No. 4, Sec. 34, T. 10, R. 8, for twenty-four dollars .......................................... 24 00
Lot No. 2, Sec. 27, T. 10, R. 8, for thirty-four and co/ioo dollars................................ 34 50
Lot No; 1, Sec. 38, T. 10, R. 8, for thirteen dollars ............................................. 13 00
Lot No. 2, Sec. 38, T. 10, R. 8, for thirty dollars ............................................. 30 00
On September 25, 1876 (a few days after the succession sale), the administrator of the succession of E. L. Pierson filed a petition in the district court in which he alleged that since the sale of the effects of the succession of the said Pierson, to wit, the 16th of September, inst., he had discovered and ascertained that the succession of the said Pierson owns about a five-sixteenths interest in a tract of land which was not included in the inventory of said estate. He further represents that the land referred to is thus described in the procés verbal of the sale and adjudication of the succession of E. L. Hyams, made in the town of Natchitoches on the 20th of March, 1872, at which time and place said E. L. Pierson became the purchaser:
“The interest of the deceased in the Quinally claim of land situated in township 11 north, range 10 west, and described on the government map as'section 37, containing 5,876.70 acres, acquired by purchase from Eulalie Sibley and Rufus Sibley, and all their interest in the succession of John Sibley and Helena Kimball, deceased, by act passed before Creneaux, notary public, on the 14th of November, 1859. This claim was confirmed and declared valid by the Commissioner of the General Land Office for only one section of land, 640 acres.”
That the proceeds of the sale of the property heretofore sold will not be sufficient to meet and discharge the privilege and preferred debts, and that the estate was ascertained to be insolvent. That it was necessary that the property hereinbefore described should be sold after the usual advertisements without warranty of title or quantity for what it will bring, in order that he might discharge and pay off the debts to the amount of the funds realized and settle the succession.
1-Ie prayed that the sheriff of said parish be ordered and directed, after the usual advertisements, to sell at the courthouse door of the parish of Natchitoches the aforesaid claim or interest in said lands without warranty and for what it will bring, and he prayed for general relief.
The order was given, but does not seem to have been followed up by any action.
On September 18, 1822, Dr. Sibley executed a deed of sale of a number of properties to Samuel H. Sibley and Robert H. Sibley for *505 $30,000 cash. On July 10, 1824, Robert H. Sibley reconveyed and retroceded to Dr. John Sibley, for $15,000 cash the property conveyed to him.
On the 9th of November, 1837, the widow and daughter of Samuel H. Sibley reconveyed, and declared that the price of $15,000, which was acknowledged by Dr. John Sibley in the act of September 18, 1822, had been paid to him and they retroceded the property conveyed to Samuel H. Sibley in that act to the heirs of John Sibley.
It is asserted that the property sought to be partitioned was included in that transferred by Dr. John Sibley to Robert H. and Samuel H. Sibley in the act of the 18th September, 1822.
The property purchased by Dr. John Sibley from Mrs. Langlois in 1807 was purchased and paid for by him during his second marriage. The title was confirmed by Congress in his favor during his third marriage.
It is conceded that that property was included in the property left by him at his death. The property sought in this petition to be partitioned is the only property known to remain in the succession of Dr. Sibley.
Dr. John Sibley died in 1837. His succession was opened in the parish of Natchitoches. It has never been partitioned. The present action is brought for that purpose by some of the heirs.
Opinion.
Those who are not plaintiffs have been brought into court as defendants through a curator ad hoc. A partition is asked to be decreed contradictorily with them and the heirs of Mrs. Hattie M. Pierson, who are alleged to hold interests in the succession through divers mesne conveyances of the interests of certain of the heirs. All persons concerned in the succession are before the court as parties. Defendants except that plaintiffs have lost their status as heirs by nonacceptanee of the succession of John Sibley, and plead against plaintiffs the prescription of 30 years by reason of such nonacceptance. Some of the heirs have unquestionably accepted the succession. If there are any who have not done so, and have lost their right of acceptance through prescription, the interests which would have fallen to them have devolved upon those who have accepted.
The Pierson heirs plead the prescription of 30 years in bar of the action of partition. No prescription can be urged against such an action. Civ.- Code, art. 1304. They next contend that they have acquired the ownership of the property sought to be partitioned and that it has been withdrawn by such ownership from being made the subject of partition. They plead the prescription of 5, 10, 20, and 30 years.
Pretermitting for the present other questions raised by them, we direct our attention at once to the plea of prescription. The prescriptions of 5, 10, and 20 years have no application to parties owning property in common by succession as coheirs, nor to parties owning property in common with heirs of a succession through the acquisition by them from particular heirs of their undivided interest in the succession. No prescription less than 30 years can be invoked by such transferees of partial undivided interests, or -by coheirs inter se. Civ. Code arts. 1305, 1306,1320, 1321. The prescription of 5, 10, and 20 years pleaded have no basis upon which to rest. The pleas are therefore rejected. The prescription of 30 years, which has been pleaded, is also without a basis to rest on. Whatever interests the defendants (the heirs of Mrs. Hattie M. Pierson) have in the succession of John Sibley are owned by them by inheritance from their mother, and whatever interests their mother had were acquired by her as a purchaser at the succession sale of her husband, 32. L. Pierson. She did not buy *507 at that sale the specific property sought to be partitioned .herein, but the undivided interest in that succession which her husband had purchased at the succession sales made in the succession of E. L. Hyams and in the succession of F. M. Hyams. The fact that her husband at the time of his death owned only undivided interests in the succession of John Sibley was not only recognized and announced throughout the proceedings taken in the succession of her husband, but at the succession sale made in that succession, and under the express terms of that sale, the undivided interests of her husband in that succession were sold and purchased by his widow as a widow in necessitous circumstances. Under such circumstances neither Mrs. Hattie M. Pierson nor her heirs can invoke in this case any prescription whose commencement antedates the purchase by the former (Mrs. Pierson) at the sale made in the matter of succession of E. L. Pierson. By that purchase the relations between Mrs. Pierson and the heirs of Sibley became such as to preclude the running in her favor of any prescription shorter than that of 30 years. The prescription of 30- years pleaded by defendants the heirs of Pierson is rejected.
Having freed the case from the consideration of prescriptions pleaded, we turn our attention to the order of the court directing a sale to be made to effect a partition between the parties to the suit. We see no ground for setting aside that order. As before said, all the parties concerned in the succession sought to be partitioned (whether as heirs or as transferees of the interest of some of the heirs) are before the court. Even should there be a mistake in the pleadings as to the extent of the interest of some of the parties, a sale under the order would carry a good title to the purchaser thereof, and the error in that respect could be rectified thereafter by pleadings and proof in the proceedings of partition before the notary to whom the partition has been referred to be made. Zeigler v. Creditors, 49 La. Ann. 170, 21 South. 666; Benton v. Sentell, 50 La. Ann. 877, 24 South. 297.
In this case we are not fully satisfied as to the extent of the interest of the different parties. We will therefore in our decree set aside so much of the judgment as fixes the extent of the interest of the different parties, reserving to the parties the right to set up their claims as to the extent of their different interests, or to contest that of other parties in the proceedings before the notary to whom the partition has been made, subject to final decision by this court. We see no good ground for complaint that the court should have ordered a sale to be made for the purpose of effecting a partition, rather than ordering a partition to be made in kind. It would be difficult to make a partition in kind, where there are so many fractional interests of parties to be considered. If there be sufficient reason, shown on an application for a rehearing, for the making of another inventory and appraisement, we can consider that question, and order one to be made, if necessary. There is no necessity for remanding the case for such an order to be given by the district judge. Hache v. Ayraud, 14 La. Ann. 178; Shaffet v. Jackson, 14 La. Ann. 157; Molinari v. Fernandez, 2 La. Ann. 533; Jacobs v. Lewis, S La. 170; Lalanne’s Heirs v. Moreau, 13 La. 431. The plaintiffs claim in their pleadings that collation should be made by the heirs of Pierson (as therein suggested) by reason of their parents and themselves having heretofore sold off certain lots belonging to the succession and received the price thereof. They ask, if the particular relief they seek in that respect be not deemed practicable or right, that the court should adopt and decree some method by which equality can be obtained between the parties by reason of said diversion. They suggest a money judgment against those heirs for $5,000.
*509 There is no question of collation in this case.
“Collation is the supposed or real return to the mass of the succession which an heir makes of property which he received in advance of his share or otherwise, in order that such property may be divided, together with the other effects of the succession.” Civ. Code, art. 1227.
The Piersons are not coheirs with or the heirs of Sibley. They are transferees of certain succession interests in the succession of Sibley, but as holders of such interests they do not acquire the status of heirs in that succession. The properties which they have sold were not received by them as prospective heirs prior to the death of Sibley, but were acquired by them after his death under a claim of subsequently acquired ownership.
They might be held accountable for the properties so disposed of, or the value thereof ; but, if so, it would not be by way of “collation.”
Article 1290 of the Civil Code, found in the chapter with the heading “Of the Nature of Partition and of Its Several Kinds,” declares that:
“All the rules, established in the present chapter, with the exception of that which relates to collations, are applicable, to partitions between coproprietors of the same things when among the coproprietors any are absent, minors, or interdicted, or when the coproprietors of age and present cannot agree on the partition and on the manner of making it.”
The question before ms is whether the defendants, the heirs of Mrs. Hattie M. Pier-son, individually and as heirs of their mother, should be compelled, in the settlement herein to be made between themselves and the heirs of Sibley, to account for the price of properties belonging to that succession which have been sold by their mother (Mrs. Hattie M. Pierson) and by themselves, and the price thereof received, under the relations which the parties bore to each as holding together undivided interests in the property sought to be partitioned. It is contended by the appellees that they should not be made to do so. They maintain that, if any sales were improperly made by them or their mother in excess of their interest in the properties, the sales so made to the extent of such excess of interest are null and void as to the owners of the interests improperly disposed of, and that the rights of those parties in regard to said property are limited to bringing direct petitory actions to recover the properties against the parties in possession of the same; that they (appellants) are not at liberty to ignore the present existence of the properties in kind and, passing them by, attempt to hold them (the defendants) to a personal responsibility.
We are of the opinion that the district court erred in sustaining them in that contention. Occupying the relations which they did to the other parties in interest, they must be held, in receiving any sums over and above that which belonged to themselves and in keeping the same, to have done so for the benefit' of the parties holding undivided interests in the property with them. They have certainly no good ground to complain that they should be called on to place in the hands of the -real owners that which properly belongs to1 them. Their claim that the persons in possession should be proceeded against is without justice or equity. Those parties doubtless hold the properties in good faith and on the strength of their assertion of being full owners. Appellants, instead of seeking to have them subjected to and harassed by lawsuits, should really protect them to the utmost. Appellants, in disposing of the properties to an extent greater than they were entitled, may not have been guilty of an offense; but under the law they subjected themselves to the obligations of a negotiorum gestor under a quasi contract. We do not think that appellants are chargeable with more than the price actually received by them, with interest thereon from judicial demand. Por that amount we think they are accountable. They should not be made to ac *511 count for the price of properties sold by their father. They do not claim to hold interests in the succession as heirs of their father, but as heirs of their mother, and under her rights as a purchaser at the sale in their father’s succession.
A question has been raised as to whether the property sought to be partitioned belonged to the second or to the third community. We are of the opinion that it belonged to the second community. It- was purchased and paid for during that community, and the confirmation of the title related back to the date of its purchase.
For the reasons herein assigned, it is hereby ordered, adjudged, and decreed that the judgment appealed from, in so far as it fixes the extent of the interest of the different parties to the litigation in the property sought to be partitioned, be set aside, and the question of the extent of such interests is hereby decreed to be left open, and to be presented and advanced in the proceedings before the hotary to whom is referred the making of the partition, subject to the decision -of this court hereafter.
It is further ordered, adjudged, and decreed that the judgment appealed from be amended, so as to order and decree, and it is hereby ordered and decreed, that in the partition to be made between the parties to this litigation the heirs of Mrs. Hattie M. Pier-son be made to account for the price of the properties of the succession of Sibley, which have been sold by their mother, Mrs. Hattie M. Pierson, and by themselves, and the price of which has -been received by their mother, or by themselves, with legal interest from judicial demand until paid.
It is further ordered and decreed that the clerk of the district court in and for the parish of Natchitoches, ex officio notary public, is hereby appointed to make the partition between the parties to this litigation, and he is directed to make return of his action in the premises. It is further ordered and decreed that the parties to this litigation are referred to the said clerk of court and notary public. Except as herein altered and amended, the judgment appealed from is affirmed; the costs of the proceedings to be borne by the succession.