———o———

No. 6066.

## HELEN GILL, ET AL. vs. ANNETTE ROBINSON, WIDOW OF ARMISTEAD TAYLOR.

### Syllabus.

1. Where a co-owner has continuously enjoyed, as owner. the separate and uninterrupted possession of the property for more than thirty years, he acquires full ownership by pre-scription against his co-owners and can, upon this ground, successfully oppose their suit for a partition.

2. The testimony of a party in his own favor to establish a stale claim against a person since dead is of the weakest character and should be received with the greatest caution. And when it consists merely of an alleged declaration by the decedent, a vague and indefinite acknowledgment wholly uncorroborated, it should be disregarded.

Appeal from the Civil District Court for the Parish of Orleans, Division "C," No. 100,950. Hon. E. K. Skinner, Judge.

A. D. Preston and W. C. Jones, for plaintiff and appellant.

O. Schrieber, for defendant and appellee.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

In 1876, during the community which existed between him and his wife, Grace Gill, Armistead Taylor purchased the property in dispute, took immediate possession and continued in possession thereof until his death in 1910. Grace Gill died without issue and intestate in 1878, and in 1879 Taylor married the defendant, who is his universal legatee and who is presently in possession of the property.

The present suit for a partition is instituted by the sisters of Grace Gill, the first wife, who, as her alleged heirs, claim her community half-interest in the property.

There are several issues presented, that it is unnecessary to consider, for our view is that the prescription of thirty years pleaded by defendant is well founded and decisive.

From the death of his first wife in 1878, until his death in 1910, Taylor retained and enjoyed the open, exclusive, unequivocal, undisputed and uninterrupted possession of the property—that is, for a space of thirty-two years; and during this entire time, at his separate expense exclusively, the dwelling was improved, if not rebuilt; the lot was filled, and all taxes, insurance and other charges paid.

R. C. C., 1305, provides substantially that where one of the heirs has enjoyed or possessed the succession separately, he who has thus separately possessed can successfully oppose a suit for a partition of the effects of the succession, if his possession has continued for 30 years without interruption; and this provision is applicable to co-owners in general as well as to heirs.

Rhodes vs. Cooper, 113 La., 604; Shelby vs. Pierson, 125 La., 513, 514.

R. C. C., 3515, is to the same general effect; and the French commentators recognize the right of a co-owner who has separately and uninterruptedly possessed and enjoyed the property for thirty years to prescribe against the interests of his co-owners.

Baudry-Lacantinerie et Wahl, Des Successions, Vol. II, pp. 661 et seq.

We are satisfied that the nature, extent and character of Taylor's possession fulfilled the requirements of these provisions and that the plea of prescription is well founded and was properly maintained.

The case of Simon vs. Richard, 42 An., 842, cited by appellants, is distinguishable, for in that case the Court found and expressly held that the requisite possession had not been proved. As to R. C. C., 1304, which is likewise relied upon by appellants, it specifically refers to cases where the property has been enjoyed or possessed in common by the co-heirs or co-owners.

Nor is there any merit in the contention that prescription has been interrupted; for the testimony alone of one of the plaintiffs is relied upon to prove an alleged vague and indefinite acknowledgment made by Taylor, prior to his death. Such evidence is of the weakest character and

when uncorroborated as in this case, should be disregarded.

There is no error in the judgment and it is accordingly affirmed.

Judgment affirmed.

Opinion and decree, April 20th, 1914.

Rehearing refused, June 30th, 1914.

Writ denied, October 2nd, 1914.