Plaintiff filed this petitory action praying to be decreed owner of forty acres of land in Bienville Parish, Louisiana, including the tract of five acres (later shown on survey to be nine and a fraction acres) in the southeast corner, which he alleged that defendant possessed and refused to deliver to plaintiff.
In his answer, defendant set forth that he had secured a judgment of court, in a possessory action, quieting his possession of these southeastern corner acres and further setting forth that he had acquired same in August, 1918, as a portion of the "Leary Place;" that this contested property had been a portion of and fenced in as a part of the Leary place for more than thirty years.
By way of reconvention, he set forth that plaintiff had wrongfully cut and removed more than 50,000 feet of timber and prayed for judgment in his favor for its manufactured value, or, in the alternative, for the stump value.
In the supplemental answer, defendant showed that the portion of the forty acres under the old fence and in controversy here, was nine and a fraction acres. *Page 818 
During the trial defendant filed a plea of prescription of thirty years.
From a judgment in favor of plaintiff, defendant prosecutes this appeal.
The learned District Judge found that plaintiff had a valid recorded title and that defendant had no record title to the land in controversy. He did find however that defendant and his authors in title were record owners of the adjoining property and that they had exercised "possession and dominion" and had kept the land in controversy under fence with their own property for more than thirty years preceding the filing of suit.
The District Court based judgment on the proposition of law that "possession of prior parties cannot be tacked on to defendant's possession to make up the thirty years required by the Code." He cited Sibley et al. v. Pierson, et al.,125 La. 478, 51 So. 502; Emmer v. Rector, 175 La. 82, 143 So. 11; Buckley v. Catlett, 203 La. 54, 13 So.2d 384; Broussard v. Broussard, 8 La. App. 635.
We make the following finding of fact.
Plaintiff has a valid record title to the forty acres, including the land in controversy. Neither the defendant, Dr. Smith, nor the Learys, from whom he acquired title, have ever had any recorded title to any portion of the forty acres of land described by plaintiff in his petition.
We find that at the time defendant purchased the adjacent property on August 9, 1918 from the widow and other heirs of Calvin J. Leary, the tract here in controversy was fenced in with and considered, by both vendors and vendee, to be a part of the Calvin J. Leary lands, the actual description of which included the adjacent lands in SE 1/4 of SE 1/4, Section 30, Township 18 North, Range 7 West, and that the Leary family had had physical possession of the land in controversy and had had same under the same fence, with their adjacent property to which they had a deed, since April 8, 1896, when one T.A. Walker deeded this adjoining property to J.C. Leary; that J.C. Leary held possession until his death; that his widow and children continued this possession up to July, 1912, when they all joined in a deed to C.J. Leary, who held possession of the same until his death and that his heirs retained possession, and on the 9th of August, 1918, all these heirs of C.J. Leary joined in a deed to Dr. R.E. Smith, defendant herein; that this deed described the property adjacent to the land in controversy; that this deed provided that the vendors should retain possession until January 1, 1919 and that when the defendant, Dr. R.E. Smith, went into possession of the lands described in the deed, he also went into possession of the portion of the SW 1/4 of SE 1/4, 30-18-7 now in controversy between him and plaintiff.
On December 9, 1919, defendant sold the adjacent property and other lands to E.R. Aubrey, from whom he reacquired the same property on January 28, 1922. Aubrey exercised possession over these corner acres and since his repurchase in 1922, defendant has been again in possession of the property in controversy; that the possession of the Learys, Smith, Aubrey and Smith was continuous and uninterrupted, passing with the possession of the adjacent lands to successive heirs and vendees from April 8, 1896 to the date suit was filed.
Plaintiff has a valid recorded title to the forty acres claimed, including the nine acres in dispute. Defendant has a valid recorded title to the adjacent property — under the same fence with the nine acres in controversy — and he and his predecessors in title have since 1896, held complete possession of the nine acres in controversy to the exclusion of all persons, including plaintiff and his authors in title. The case turns upon the validity of defendant's contention that he can, for the purpose of establishing prescriptive title under Article 3548, Civil Code, attach on to his own adverse possession, the continuous adverse possession of the property in contest by his authors in title to the adjoining property.
[1] It appears that the identical point in controversy was passed upon by the Supreme Court in the case of Buckley v. Catlett, 203 La. 54, 13 So.2d 384, 386. We quote from that case which involved the title to a portion of a certain Lot 4, north of a public road: "Anent the pleaded acquisitive prescription of 30 years, it is not disputed by defendant that neither he nor any one of his predecessors ever held possession of the contested part of Lot 4 for the required *Page 819 
period of time. But he contends that by adding his possession to that of his authors, a prescriptive title has been acquired by him. On this subject, it is well established in our jurisprudence that, for the purpose of claiming land under the prescription of 30 years, several successive possessors cannot be joined to show a continuous adverse possession, unless there is a privity of estate or contract between the occupants. The reason for this rule is that the several acts of adverse possession are construed as nothing more than a series of independent trespasses, and on the termination of each of thoseacts the possession returns by operation of law to the rightful owner of the immovable. Sibley v. Pierson, 125 La. 478, 51 So. 502; Harang v. Golden Ranch Land Drainage Company, supra [143 La. 982, 79 So. 768]; Emmer v. Rector, 175 La. 82, 143 So. 11." (Underscoring ours).
In that case the opinion discloses that defendant's author in title had a deed transferring "all the land in Lot 3 north of public road;" that no mention was made in the deed of Lot 4, but that the purchaser took possession of not only Lot 3 but also the disputed portion of Lot 4, and that some six subsequent deeds brought the same land down to defendant, each of which described the lands north of the public road as, "all the land in Lot 3 north of the public road" with no mention of any portion of Lot 4. The opinion further stated that:
"Immediately upon the execution of each of the mentioned instruments, except the last sheriff's deed, the named transferee went into possession of both Lot 3 and Lot 4 north of the public road, notwithstanding only Lot 3 was described. Defendant Catlett has never surrendered the possession that he acquired in 1935.
"That part of Lot 4 north of the road, the disputed tract, has been enclosed by fence since 1900; and, in addition to the structure built thereon by Ross in 1900, Mrs. Catlett erected a house on it in 1914."
Thus it is clear that in spite of the open, continuous and uninterrupted possession for more than thirty years by defendant and his authors in title, the plea of prescription was not maintained, the Court adhering strictly to the proposition expressed in the syllabus that: "* * * successive possessors cannot be joined to show a continuous adverse possession unless there is a privity of estate or contract between the occupants. Civ. Code, art. 3548."
This holding seems to be stricter than that set forth by the Supreme Court in earlier holdings. In the case of Harang et al. v. Golden Ranch Land Drainage Co., 143 La. 982, 79 So. 768, 780, the Supreme Court on the point as to what constitutes such privity as to permit the possession time of successive possessors to be added for the purpose of establishing title by prescription under Civil Code, Article 3548, quoted from 1 R.C.L., page 718, as follows: " 'Between Whom Privity Exists. — Privity denotes merely a succession of relationships to the same thing, whether created by deeds or by other act, or by operation of law. If one by agreement surrenders his possession to another, and the acts of the parties are such that the two possessions actually connect, the latter commencing at or before the former ends, leaving no interval for the constructive possession of the true owner to intervene, such two possessions are blended into one, and the limitation period upon the right of such owner to reclaim the land is thereby continued; indeed that purpose of continuous possession is the continuous ouster of the owner.' "
Our brothers of the First Circuit in a recent case, Ford v. Ford et al., La. App., 34 So.2d 301, 304, noted the above quotation in the Harang case, supra, and held in the case before them: "* * * all of the elements of the sort of privity defined existed between the parties holding possession * * *."
From the facts disclosed by a reading of the opinion, it appears likely that the holding in the Ford case constitutes a more liberal interpretation of what is meant by the word "privity" than was held in the Buckley v. Catlett case.
Should we follow the definition of the word "privity" as given in 1 R.C.L., page 718, and quoted in the Harang case, and apparently followed in the Ford case, supra, we would be inclined to hold that a privity of possession between defendant and his authors *Page 820 
in title has been established under the facts shown by the record and above outlined.
[2] The land here in controversy has been out of possession of plaintiff and his authors in title and a part of the fenced pasture to the Leary place since before 1900, and, since the successive owners of the Leary place, including the defendant herein, have used the land in controversy and kept same under the same enclosure with the rest of their pasture since before 1900, and since this more than thirty years of possession of the successive owners has been continuous and uninterrupted, and there has been a surrendering of possession by agreement one to another, the several adverse possessions have actually connected, leaving no intervals for the constructive possession of the true owner to intervene. Under these circumstances, we would be inclined to sustain defendant under his plea of the prescription of thirty years on the theory that privity — as defined in 1 R.C.L., 718 — did exist. However, the facts and circumstances of the Buckley v. Catlett case, supra, were such as to show the same successive connecting adverse possessions and in view of the Supreme Court's overruling of the plea of prescription in that case, we consider it our duty to overrule defendant's plea in the case before us.
The judgment is affirmed, with costs.