HARDY, Judge.
This is a slander of title action brought by plaintiffs alleging that their title’ to property ‘ specifically described, located in Red River Parish, was being slandered by the defendant, John William Coats, who professed to be the owner thereof, and by the defendant, Mrs. Lorena Coats, professing to be the holder of a lien and mortgage on the said property. Plaintiffs prayed that defendants be ordered to disclaim title or to assert such rights as they friight claim1 in ■ and to the property involved. The defendants answered, denying the slander but asserting title, thereby converting the suit into a petitory action and assuming the position of plaintiffs therein.
Both plaintiffs and defendants filed pleas of ten, twenty and thirty years prescription. After trial there was judgment in favor of plaintiffs in the original action sustaining the pleas of ten and thirty years prescription, decreeing them to be owners of the property and .ordering the cancellation of the purported mortgage thereon. From this judgment defendants have appealed.
There is no ground for any dispute as to the pertinent facts, which we proceed to narrate as briefly as. possible. For the sake of consistency in the expression of this opinion we will refer to the parties litigant as plaintiffs and defendants with respect to their positions in the original suit.
The property claimed by plaintiffs consists of a lot located in the village of Hanna in Red River Parish upon which improvements have been erected and which is maintained as their home. Parenthetically, we call attention to the fact that the improvements are not at issue in the present' suit, defendants having disclaimed any interest therein, restricting their claims to the land itself.
■The lot in question is situated in a 20 acre tract of land located in Section 12, Township 11 North, Range 10 West. Plaintiffs’ deraignment of title to the lot originates in the conveyance of the 20 acre tract of land by instrument dated July 27, 1887, and duly recorded. Defendant Coats claims title to the lot as a part of the identical 20 acre tract, which title originated by instrument dated November 6, 1893, conveying 600 acres of land constituting what is known as the Viva Plantation. It appears that the 20 acre tract originally constituted a part of the Viva Plantation but was severed therefrom by the deed of conveyance of July 27, 1887, despite which severance subsequent trans-ferors of title to Viva Plantation continued *101 the description thereof in the respective instruments of conveyance as originally delineated, which included the 20 acre tract. / We are- therefore confronted with an unusual situation in that both plaintiffs and defendants appear to have recorded title to the property'here placed at issue.
The -facts relevant to the several pleas of prescription admit of no dispute. Defendant Coats testified that he had never possessed the lot in Question, nor any part thereof, and his immediate predecessor in title, his mother, who is the other named defendant herein, testified that she had never claimed, nor to her knowledge had she ever exercised, any such possession. According to the testimony of these defendants and a number of- other witnesses a fence had been established and maintained separating the lot involved in this suit from the adjoining property owned 'and possessed by defendant as the Viva Plantation. The existence of this fence antedated the memory of any of the witnesses, and it cannot be questioned that it had existed for a period of time far exceeding the thirty years immediately preceding the institution of this suit.
Plaintiffs prescriptive claims of ten and thirty years are predicated respectively upon the provisions of Articles 3478 and 3499' of the LSA Civil Code. There is no' question as to the applicability of the provisions of Article 3478 and it cannot be denied that plaintiffs’ possession has fulfilled all of the requirements set forth in Article 3479 et seq.
Nor do we think that the application of Article 3499 with reference to the prescription of thirty years can be successfully controverted. True, it may be urged that plaintiffs’ possession has not endured in themselves for a continuous period of more than thirty years and that the period can be fulfilled only by tacking the possession of their predecessors in title. Upon the authority of Buckley v. Catlett, 203 La. 54, 13 So.2d 384, cited and followed by this court in Merritt v. Smith, La.App., 35 So.2d 817, it would appear that this circumstance would be destructive of plaintiffs’ plea, but we do not so conclude. The Buckley case in holding that successive possessors could not be joined for the purpose of demonstrating the continuous adverse possession under the prescription, of thirty years, unless a privity of estate or contract existed between such occupants, specifically enunciated the reason for this rule as being [203 La. 54, 13 So.2d 386] :
“ * * * that the several acts of adverse possession are construed as nothing more than a series of independent trespasses, and on the termination of each of those acts the possession returns by operation of law to the rightful owner of the immovable. Sibley v. Pierson, 125 La. 478, 51 So. 502; Harang v. Golden Ranch Land & Drainage Co. [143 La. 982, 79 So. 768]; Emmer v. Rector, 175 La. 82, 143 So. 11.” (Emphasis supplied.)
In the instant case the acts of possession .cannot be construed as “trespasses on the termination of each of which the possession returned to the rightful owner” because here' the plaintiffs had, as we believe, the better claim to rightful ownership by reason of their antecedent title.
Counsel for defendants pitches his claim to prescriptive title on the well-established principle that the possession of á portion of a tract of land to which the possessor has a deed to' the whole is equivalent to possession of the whole. However, we point out that the property here involved was in the actual possession and occupancy of plaintiffs and plaintiffs’ authors in title, and was clearly a possession adverse to that of Coats and his authors in title. The principle relied upon is not applicable as against the possession and occupancy of parties claiming either under Article 3478 or Article 3499 of the LSA-Civil Code; Ernest Realty Co. v. Hunter Co., Inc., 189 La. 379, 179 So. 460, and cases therein cited.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.