[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 84 
Martin J. Rector, the defendant, has appealed from a judgment condemning him to comply with an agreement to purchase certain real estate situated in the city of New Orleans.
Appellant has filed in this court an exception of no cause or right of action predicated on the contention that the written offer sued on was made by M.J. Rector Co., Agts., and it is not alleged in the petition that the offerer and the defendant are one and the same person; and on the further contention that the offer itself was never accepted, it appearing from the face of the document that Rodney J. Emmer, the plaintiff, qualified his acceptance thereof by the following words, viz.: "This offer is accepted with the understanding that purchaser assumes all taxes after the year 1927." *Page 85 
Defendant's exception filed for the first time in this court cannot be sustained, because the contentions made in support of the exception are not consistent with his answer to the suit.
When we examine the record, we find that plaintiff specifically alleges that defendant executed the contract sued on, which is admitted by defendant, who, after denying the validity of plaintiff's title, prays in reconvention for judgment canceling the contract and condemning plaintiff to pay defendant $1,142 as damages for the injury caused plaintiff by defendant's inability to convey to plaintiff a good and merchantable title to the property described in the agreement.
There is nothing in this ruling that conflicts with the ruling in State v. American Ry. Express Co., 159 La. 1001, 106 So. 544. Whatever may have been said in the opinion on the original hearing, that case was decided on rehearing on the question of whether Act No. 267 of 1914 abrogated Act No. 127 of 1898. The court decided that it did, holding that the defense that the law relied on by plaintiff was abrogated need not be set up by special plea, since every answer which is not a confession of judgment puts at issue the law on which plaintiff must recover.
On the merits, the record discloses that by an authentic act dated February 14, 1896, Jacob Emmer, Sr., acquired from the state tax collector for unpaid state taxes due prior to 1880 on an assessment in the name of an unknown owner a parcel of ground described as follows, viz.:
"A certain lot of ground in the Third District of the City of New Orleans, in the square bounded by Independence, Congress, *Page 86 
Villere and Robertson Streets, designated as balance in square No. 599."
The wife of Jacob Emmer, the tax purchaser, died in 1907, and the interest of her two minor children in her succession was adjudicated to their father. The judgment of adjudication was dated June 4, 1907. On September 5, 1907, Jacob Emmer and seven of his major children conveyed their interest in the above property to Jacob Emmer, Jr., the eighth major child, by the proper square number and street boundaries, the description reciting that the property comprised all of the square, except lots 9, 10, 11, and 12, which adjoin and measure 31 feet each front on Congress street by a depth of 89 feet, 4 inches, and 4 lines. This was an accurate description, and includes the property defendant agreed to purchase.
Jacob Emmer, Jr., died in 1910, and his widow qualified as natural tutrix of their children. In August, 1915, she obtained an order of sale under which the property accurately described was adjudicated at public auction to the Homeseekers Building 
Loan Association. The authentic act confirming the adjudication was executed on March 2, 1916, and on the same day the Homestead Association sold the property on terms of credit to Henry J.P. Bergeret.
On September 21, 1927, Bergeret conveyed the property to Rodney J. Emmer, the present owner and plaintiff herein, who is a son of Jacob Emmer, Jr.
The property covered by the agreement of sale which plaintiff is seeking to enforce measures 279 feet front on Independence street by a depth of 98 feet, 6 inches on North Robertson street in the square bounded by *Page 87 
North Villere and Congress streets, and comprises nine lots of ground designated by the Nos. 13 to 21, both inclusive.
Defendant contends that plaintiff has no title to the nine lots of ground in question, because five of the lots stand on the public records in the names of persons who acquired them in 1836 and 1839, and who do not appear to have parted with their titles; and that the tax sale made to Jacob Emmer in February, 1896, is null for want of a description of any property susceptible of identification.
Plaintiff pleaded the prescription of 10 and 30 years' acquirendi causa in support of his title; both pleas being sustained by the court below in ordering defendant to comply with his contract.
Plaintiff's plea of the prescription of ten years is predicated on the possession of Bergeret and of plaintiff, as his successor in title, under Bergeret's acquisition of the property from the homestead association on March 2, 1916.
While plaintiff argues that the plea is well founded, owing to some question having arisen as to whether Bergeret actually held his title for his own benefit or for plaintiff's benefit, plaintiff relies mainly upon his plea of prescription of 30 years for the maintenance of his title. If this plea is good, manifestly there is no necessity for us to consider the plea of 10 years' prescription.
It appears from the record that Jacob Emmer, Sr., the tax purchaser, was engaged in the drayage business, and that he owned a number of mules as well as a number of floats which he used in his business. Shortly after acquiring the property, he erected a house on it at or near the corner of Villere *Page 88 
and Independence streets, and placed a barbed wire fence around the square. He also erected a feeding shed near the center of the square. On Sundays from 100 to 200 mules were kept within the inclosure, and the house at the corner of Villere and Independence streets was occupied by Emmer's stablemen. A considerable amount of filling was placed on Independence street by Emmer's employees in order to make the street passable.
The testimony of several witnesses fairly establishes that the house was erected and the fence put up by Emmer more than 30 years before the agreement of sale was executed by the parties litigant. The fence and the feeding shed were not in existence at the time of the trial, having disappeared some years ago; but the house, or one that was subsequently erected in its stead, stands at the corner of Villere and Independence streets, and is occupied by plaintiff's tenant, as it had been for years before.
The record shows that the property was assessed to Jacob Emmer, beginning with the year 1897, the year after he purchased it at tax sale, and that the taxes were thereafter paid by the purchaser and its subsequent owners.
No one has ever disturbed Emmer's possession of the property, or that of his successors in title, and no adverse claim to the property has ever been set up by any person.
Article 3501 of the Civil Code, referring to the prescription of 30 years, says:
"The possession necessary for this species of prescription, when it has commenced by the corporal possession of the thing, may, if it has not been interrupted, be preserved by external and public signs, announcing the *Page 89 
possessor's intention to preserve the possession of the thing, as the keeping up of roads and levees, the payment of taxes, and other similar acts."
And article 3502 of the Civil Code provides:
"A man may even retain the civil possession of an estate, sufficient to prescribe, so long as there remain on it any vestiges of works erected by him; as, for example, the ruins of a house."
In Croom v. Noel, 143 La. 189, 78 So. 442, the land in dispute was vaguely described in the first recorded instrument in the chain of title, but the vendee, about 1876, partly inclosed certain land with a fence and erected thereon a cotton gin and press and a gristmill. In 1895 or 1896 he moved the gin to another location, but he left a fence and some old machinery on the place. By 1903, which was less than 30 years after the inception of possession, the fence disappeared and a tenant rebuilt it. The court held, applying articles 3501 and 3502 of the Civil Code, that the possession shown was sufficient to establish the prescription of 30 years.
Defendant shows that, conceding Jacob Emmer, Sr., took possession of the property in 1896, when he purchased it at tax sale, he parted with his ownership on September 5, 1907, when he and the heirs of his wife transferred their interest to Jacob Emmer, Jr., hence his possession lasted only 11 years and a few months; that the possession of Jacob Emmer, Jr., lasted only 20 years, namely, from September 5, 1907 to September 21, 1927, when plaintiff acquired the property; that plaintiff had possessed the property for only eight months at the time this suit was filed. *Page 90 
Defendant argues that neither plaintiff nor any possessor ever had 30 years of continuous possession of the property, and that plaintiff cannot make up the sum of 30 years by adding to his possession the possession of his authors in title.
Defendant cites in support of his argument the case of Broussard v. Broussard, 8 La.App. 635, wherein the Court of Appeal for the First Circuit decided that the possession of the vendor cannot be added to the possession of the vendee in order to make out the 30 years' prescription acquirendi causa.
The Court of Appeal rested its decision in Broussard v. Broussard on two cases decided by this court; namely, Sibley v. Pierson, 125 La. 478, 51 So. 502 and Conroy v. Pine Belt Oil Co.,143 La. 982 [879], 79 So. 523.
But the legal proposition announced in Sibley v. Pierson is not so broad as the doctrine announced in Broussard v. Broussard.
The suit in Sibley v. Pierson was one in partition instituted by certain heirs of Sibley against certain other of the heirs and the representatives of a party holding undivided interests in the succession through mesne conveyances of the undivided interests therein of particular heirs. The latter pleaded, among others, the prescription of 30 years' acquirendi causa. Under that prescription they claimed the ownership of the whole of a certain tract of land in the possession of their author in title, who, however, only owned and sold a specific undivided interest in the tract. The court held that under that state of facts the prescription was inapplicable. The legal principle announced in the case appears under paragraph 6 of the syllabus as follows, viz.: *Page 91 
"Where one possesses beyond his title, but sells according tohis title, the vendee cannot, for the purposes of the prescription of 30 years, acquirendi causa, tack to his own possession that of his vendor of the property which is notincluded in the deed by which he acquires; there being no privity [of contract] between him and his vendor with respect to suchpossession." (Writer's italics.)
The reference in the opinion of the Court of Appeal to Conroy v. Pine Belt Oil Co. is clearly an error. That case is reported in 143 La. at page 879 and not page 982. It was for the enforcement of a mechanic's lien, and involved the question of whether Act No. 229 of 1916 creating such a lien repealed article3249 of the Civil Code, specifying creditors who are accorded a privilege on immovables. The case the court evidently had in mind is Harang v. Golden Ranch Land Drainage Co., reported in 143 La. at page 982, 79 So. 768.
In the Harang Case the defendant relied upon both the prescription acquirendi causa and liberandi causa. The court found that defendant had not shown the possession required by law for the first named prescription, and that under the last named prescription an owner not manifesting his ownership within 30 years does not lose his ownership or his right of action to recover the property from one who within 30 years has taken possession of it; adverse possession during 30 years being necessary to deprive an owner of his right to assert his title judicially.
The court, in its opinion on rehearing, approved the principle enunciated in Sibley v. Pierson, that, unless there was a privity between the possessor and his authors in title, *Page 92 
the possession of the latter could not be tacked on to the possession of the former in order to make up the prescriptive period of 30 years. And the court impliedly, if not expressly, approved the converse of the proposition; namely, that, where there was a privity of contract between the possessor and his vendor, the possession of the latter could be tacked on to the possession of the former to make out the statutory period. The court, at page 1019 of 143 La., 79 So. 768, 780, quoted approvingly from I.R.C.L. p. 717, as follows, viz.:
"Between Whom Privity Exists. — Privity denotes merely a succession of relationships to the same thing, whether created by deeds, or by other act, or by operation of law. If one by agreement surrenders his possession to another, and the acts of the parties are such that the two possessions actually connect, the latter commencing at or before the former ends, leaving no interval for the constructive possession of the true owner to intervene, such two possessions are blended into one, and the limitation period upon the right of such owner to reclaim the land is thereby continued; indeed that purpose of continuous possession is the continuous ouster of the owner."
Article 3475 of the Civil Code provides that: "Immovables are prescribed for by 30 years without any title on the part of the possessor, or whether he be in good faith or not." See to the same effect article 3499 of the Civil Code.
Under these codal articles actual possession by a party and his authors in title for more than 30 years gives the possessor title by prescription. Evasovich v. Cognevich, *Page 93 159 La. 1035, 106 So. 556; Johnson v. Congregation Daughters of the Cross, 162 La. 657, 110 So. 894.
Defendant refers to article 3503 of the Civil Code, which reads: "How favorable soever prescription may be, it shall be restricted within just limits. Thus, in the prescription of thirty years, which is acquired without title, it extends only to that which has been actually possessed by the person pleading it." And he argues, as we understand the argument, that, in order for the prescription to be effective, the one pleading it must actually possess as owner for the entire prescriptive period of 30 years.
In our opinion, all that the article means is that the prescription of 30 years cannot be effectively pleaded by the possessor beyond the limits of the land he actually possesses. It has no application to the transfer of possession from one possessor to another. See Opdenwyer v. Brown, 155 La. at page 623, 99 So. 482.
There was unquestionably a privity of contract between plaintiff and his authors in title; and, since the sum of their respective possessions exceeds the statutory period, the court below properly maintained plaintiff's title on the pleaded prescription of 30 years.
For the reasons assigned, the judgment appealed from is affirmed.
 On Motion to Modify Decree.