HAMITER, Justice.
 

 In her petition of this petitory action, plaintiff, Mrs. Ammon Coon Buckley, alleges that she is the owner of approximately 200 acres of land in Ouachita Parish, Louisiana, including a small tract of about eight acres located in Lot 4 north of the public highway of Seetion 16, Township 18 North, Range 3 East, and that all of such property is in the possession of defendant, Dr. H. D. Catlett.
 

 Defendant, in his answer and in a written stipulation filed in the record, admits his possession of the property; and he further admits that plaintiff holds a good and valid title to all of the land except the above-mentioned small eight acre tract in Lot 4. As to this excepted part he asserts ownership by reason of the acquisitive prescriptions of 10 and 30 years and the liberative prescription of 30 years which he specially pleads; and such small tract is now the only property in contest in this action.
 

 The district court, after a trial of the issues created, decreed plaintiff to be the owner of all the property to which she claims title, and it ordered possession thereof delivered to her. Additionally, defendant was condemned to pay to plaintiff the sum of $75, this representing rental for the year 1941.
 

 Defendant is prosecuting this appeal. Answering the appeal, plaintiff asks an amendment of the judgtnent to the extent of increasing the amount allowed for rent to the sum originally prayed for, or $300.
 

 That part of Lot 4 north of the public highway, which is in contest herein, adjoins and lies immediately south of Lot 3 in the same section, township and range. In 1900, while owning both of those tracts,. Charles A. Connella executed a deed in which there was recited the sale and transfer to Henry Ross of “all the land in Lot 3 north of public road.” No mention was. therein made of Lot 4. The purchaser took possession of not only Lot 3 but also the disputed portion of Lot 4; and on the latter he built a house.
 

 Subsequently there were executed the following instruments, each reciting the transfer and conveyance of “all the land in Lot 3 north of the public road” but failing to mention Lot 4, viz.:
 

 1. A deed of date November 23, 1912,, from the said Henry Ross to R. P. Benson.
 

 2. A deed dated November 23, 1912, from Benson to C. G. Wall.
 

 3. A deed in 1914 from Wall to Mrs. H. D. Catlett, defendant’s wife.
 

 4. A sheriff’s deed dated July 29, 1935 (resulting from the foreclosure of a special mortgage previously given by Mrs. Catlett), from the succession of Mrs. Catlett to West Monroe State Bank.
 

 5. A deed dated November 12, 1935 (showing a credit consideration secured by vendor’s lien and mortgage), from West
 
 *59
 
 Monroe State Bank to H. D. Catlett, defendant herein.
 

 6. A sheriff’s deed of date March 17, 1939 (it being the result of a foreclosure of the mentioned vendor’s lien and mortgage), from defendant Catlett to the West Monroe State Bank in receivership.
 

 Immediately upon the execution of each of the mentioned instruments, except the last sheriff’s deed, the named transferee went into possession of both Lot 3 and Lot 4 north of the public road, notwithstanding only Lot 3 was described. Defendant Catlett has never surrendered the possession that he acquired in 1935.
 

 That part of Lot 4 north of the road, 'the disputed tract, has been enclosed by fence since 1900; and, in addition to the structure built thereon by Ross in 1900, Mrs. Catlett erected a house on it in 1914.
 

 On December 10, 1940, the West Monroe State Bank in receivership executed a deed in favor of plaintiff, Mrs. Buckley, the description therein being the same as that contained in all of the above referred to instruments. And some months later Mrs. Buckley purchased from the heirs of Charles A. Connella, deceased, and obtained a deed describing, all of their interest in and to the contested part of Lot 4, this transaction occurring approximately 41 years after Connella’s conveyance to Ross.
 

 Defendant’s plea of prescription of 10 years acquirendi causa is predicated’ on Civil Code, Article 3478 which reads in part: “He who acquires an immovable in good faith and by just title prescribes-for it in ten years.” Essential for the accruing of this prescription, among other requirements, is that the necessary possession as owner be.held under an act that is sufficient to transfer ownership of the immovable. Albert Hanson Lumber Company v. Angelloz, 118 La. 861, 43 So. 529; Castera’s Heirs v. New Orleans Land Company, 125 La. 877, 51 So. 1021; Bayard v. Baldwin Lumber Company, 157 La. 994, 103 So. 290; Matthews v. Olla State Bank, 164 La. 463, 114 So. 98; Smith v. King, 192 La. 346, 188 So. 25. In the mentioned series of conveyances, beginning with Charles A. Connella and ending with defendant, there was no act that recited a conveyance of the disputed Lot 4. Even if defendant had possessed such property during a period of 10 years, his possession was not under a deed translative of ownership; hence, the prescription of 10 years .acquirendi causa is unavailing to him.
 

 In support of the plea of prescription of 30 years liberandi causa, which we think is also without merit, defendant invokes the provisions of Civil Code, Article 3548, reading that “All actions for immovable property, or for an entire estate, as a succession, are prescribed by thirty years”; and he directs our attention to the fact that Lot 4 had been out of the possession of the Connellas, when plaintiff obtained a deed to that property from them, for more than 40 years.
 

 On ■ several occasions this court has declared Civil Code, Article 3548, to be merely an affirmance of Civil Code, Article 3499, by which the ownership of im
 
 *61
 
 movable property is acquired by 30 years’ •possession. Generes v. Bowie Lumber Company, 143 La. 811, 79 So. 413; Harang v. Golden Ranch Land & Drainage Company, 143 La. 982, 79 So. 768. Moreover, it is well settled, as said in Thibodeaux v. Bonnabel Land Company, 171 La. 639, 131 So. 833, 837; that "an owner of land does not lose his title by prescription by remaining out of possession for any length of time, unless some one else has been in possession long enough to acquire the title by prescription. The reason is that an owner has as much right to remain out of possession as he has to remain in possession of his property; the only risk of remaining out of possession being that some one else might be in possession long enough to acquire title by prescription.”
 

 Anent the pleaded acquisitive prescription of 30 years, it is not disputed of his predecessors ever held possession by defendant that neither he nor any one of the contested part of Lot 4 for the required period of time. But he contends that by adding his .possession to that of his authors, a prescriptive title has been acquired by him. On this subject, it is well established in our jurisprudence that, for the purpose of claiming land under the prescription of 30 years, several successive possessors cannot be joined to show a continuous adverse possession, unless there is a privity of estate or contract between the occupants. The reason for this rule is that the several acts of adverse possession are construed as nothing more than a series of independent trespasses, and on tlje termination of each of those acts the possession returns by operation of law to the rightful owner of the immovable. Sibley v. Pierson, 125 La. 478, 51 So. 502; Harang v. Golden Ranch Land & Drainage Company, supra; Emmer v. Rector, 175 La. 82, 143 So. 11.
 

 If it can be said that there was privity of estate between defendant and his wife, who formerly possessed the property, their combined possession was for less than-30 years. As to his other predecessors, clearly there was no privity of contract or estate, and their possession could not be added to his. Consequently, the plea of prescription of 30 years acquirendi causa, we think, is not well founded.
 

 The several cases cited in the brief of defense counsel in aid of the last discussed plea are not in conflict with our stated conclusion. In each of those authorities the one pleading prescription held under a regular chain of title, the property being described in all of the conveyance acts; and the joining of the several possessions was permissible. Here defendant and his predecessors were not possessors under title.
 

 Since defendant, therefore, did not acquire ownership of the disputed tract by prescription, the title thereto passed to plaintiff under the deed obtained by her from the Connella heirs.
 

 An assertion made by appellant’s counsel, and not previously discussed herein, is that Charles A. Connella intended to sell Lot 4 to Ross, the intention being
 
 *63
 
 evidenced by his permitting Ross to take possession of it and build a house there. Of course, such acquiescence on the part of the grantor did not of itself amount to the establishing of a just title in the grantee. But if it can be said that Ross and his successors, including Mrs. Catlett and this defendant, did acquire title to the property under the deed from Connella, defendant and his wife lost it through the foreclosure proceedings instituted by the West Monroe State Bank, and plaintiff must be considered the present owner; for her deed from the Bank described the same property which Ross, Mrs. Catlett, defendant and the Bank owned.
 

 The evidence does not warrant, our increasing, as plaintiff asks in her answer to the appeal, the amount allowed for rental on the property. It sustains the $75 fixed by the district court.
 

 The judgment is correct and it is affirmed.