KENNON, Judge.
Alleging that -it was the owner of an -eighty acre tract of land in Rapides Parish, Louisiana, by virtue of a recited chain of title originating with a patent from the United States of America, and that defendants were in possession of a twenty-six acre portion as trespassers, plaintiff filed this suit to be recognized as owner and to be placed in possession of the described eighty acres.
In answer, defendants admitted that they had no recorded title, but set forth that they and their “ancestors in title and possession” had been in open and adverse possession for more than thirty years of a described twenty-six acre portion of the eighty acres, and prayed that their prescriptive title to same be recognized.
From a judgment in favor of plaintiff, defendants prosecute this appeal.
The record discloses that plaintiff has a valid title to the property in question, and that there is ho ■ recorded title in defendants or in those to whom defendants refer as their “ancestors in title and possession.” About 1910, one Jim Honeycutt constructed improvements on the twenty-six acre tract and lived there in open and uninterrupted possession until 1921. ■ In that year, without recorded or written instrument, Jim Honeycutt turned the premises over to Louis Sanson, who went immediately into possession and remained in open possession until 1924, when John H. Melcher, the husband of one defendant and the father of the others, went into possession. Possession by the Melcher family began on the day Sanson moved and continued from 1924 to the date of the trial.
Defendants’ contention is that by adding their possession to that of Sanson and Honeycutt, a prescriptive title has been acquired since the total period of adverse possession is more than thirty years.
This question was discussed by the Supreme Court of Louisiana in the case of Buckley v. Catlett, 203 La. 54, 13 So.2d 384. There the Court reiterated that when the first possessor has no recorded title-, the possession of several successive possessors cannot be joined to-show a continuous adverse possession, in support of a plea of prescription of thirty years, unless there is á privity of estate or contract 'between the successive ' occupants. Since there i§ no privity of estate or contract between the defendants herein -and their predecessors in possession, it follows that the District Judge correctly ruled in favor of plaintiff.
The judgment is affirmed, with costs.