70 So.2d 229 (1954)
COATS
v.
LEE.
No. 8025.
Court of Appeal of Louisiana, Second Circuit.
January 26, 1954.
Rehearing Denied February 16, 1954.
Writ of Certiorari Denied March 22, 1954.
Russell E. Gahagan, Natchitoches, for appellant.
Bethard & Bethard, Coushatta, for appellee.
GLADNEY, Judge.
J. W. Coats, plaintiff and appellant herein, brought this action of jactitation against Fred Lee, making the usual allegations of possession and slander of title, Lee answered plaintiff's petition admitting the adverse possession of Coats and that he, *230 Lee, claimed legal title to the property, the deraignment of which title he set out in his answer.
With issues so joined the case was tried and resulted in judgment rejecting the demands of the plaintiff and decreeing Lee to be the owner of the property involved. Coats has appealed from the ruling assigning prejudicial error by the judge a quo in excluding evidence tendered by him to establish the prescription of thirty years under Articles 3475 and 3499, as qualified by Articles 3430, 3495, 3500, 3501, 3502, 3503 and 3505 of the LSA-Civil Code.
After the record was filed in this court appellant has filed a written plea of prescription of thirty years predicated on the above cited articles of the LSA-Civil Code.
Upon trial the attorney for plaintiff first offered in evidence an act of donation from J. W. Carnes to Mrs. C. L. Coats, dated November 23, 1922, and recorded in Conveyance Book 40, page 395. This offering was received and filed. Counsel for plaintiff then produced for filing in evidence a deed from Lorena (Mrs. C. L.) Coats to J. W. Coats recorded in Book 92, page 418. To this latter offering the attorney for defendant objected on the ground that the instrument was executed after the suit was filed and plaintiff could introduce in evidence only such deeds as he declared on in his suit and not deeds which were subsequently executed after the filing of the suit. The court permitted the filing of this deed subject to the objection, whereupon counsel for the plaintiff placed upon the stand Mrs. C. L. Coats and asked her if she had taken possession of the property in dispute from the time the act of donation was made on November 23, 1922. Counsel for defendant then objected to any testimony introduced to show possession of the property in any one by J. W. Coats. Thereupon the following colloquy took place between the court and counsel:
"The Court:
"Heretofore there has been offered in evidence a deed from Mrs. Lorena Coats to J. W. Coats, dated February 5, 1953, and filed for record and recorded February 6, 1953, to which offering the defendant, Fred Lee, objected on the grounds that the deed was dated and filed after the issues had been set by the filing of the petition and answer. The Court at that time permitted the filing of the instrument subject to the objection. Since the ruling of the Court from the direction the testimony was taking, the Court is convinced that the instrument should not have been permitted to be filed subject to the objection, but, instead, the objection should have been sustained, and the Court now does so sustain that objection." (Whereupon the filing of the offering identified as P-2 was rescinded.)
"Mr. Gahagan:
"I would like for the record to show that I offer testimony showing that Mrs. Lorena Coats had been in actual physical possession of that property for more than 30 years prior to the execution of this deed. I presume, in view of the ruling of the Court, that that would be ruled out.
"The Court:
"Yes, sir, it would."
* * * * * *
"Mr. Gahagan:
"Mrs. Coats, are you the same Mrs. Lorena Coats who signed this deed to J. W. Coats on February 5th, 1953? A. I am.
"Q. Did you have this 12 acres of land that is described in that deed under fence and in your possession as owner from the date of the J. W. Carnes donation on November 23, 1922, until you signed this deed to J. W. Coats?
"Mr. Bethard:
"I object to that line of testimony on the grounds that there is no privity of contract between Mrs. Lorena Coats and the plaintiff, J. W. Coats, prior to *231 the filing of this suit, and that the plaintiff, J. W. Coats, cannot rely on any possession other than his own possession until he introduces in evidence acts or deeds or conveyances showing privity of contract between himself and Mrs. Lorena Coats, and that any testimony of Mrs. Lorena Coats would be immaterial because her possession cannot be tacked to that possession of J. W. Coats, and, further, that she cannot prove ownership because she isn't a party to the suit.
"The Court:
"Objection sustained."
Plaintiff's petition alleged he had acquired said property by purchase from his mother, Mrs. Lorena Coats, who, in turn, acquired it from J. W. Carnes, and that said parties had had the disputed property under fence and in actual physical possession as owners for more than fifty years. Manifestly, these allegations were made to lay the foundation for a plea of prescription of thirty years. The deed from Carnes to Mrs. Coats did not embrace the twelve acres in controversy, but we must assume the excluded deed from Mrs. Coats to plaintiff did describe the property, for the petition alleges Coats acquired it from her.
Plaintiff, though in reality placed in the position of a defendant in a petitory action was required by the trial court to make out his defense to the petitory action before Lee had made proof of his title. Lee, in our opinion, should have gone forward with his side of the case first as he was the real plaintiff. However, it is not shown that this procedure in itself was prejudicial to Coats, and we do not consider this factor important.
Lee offered deeds which showed the disputed twelve acres were not within the recorded title of Mrs. Coats and that he had a legal recorded title thereto. After this presentation of proof of his title he would only be entitled to judgment so recognizing it subject to the right of plaintiff to produce proof as to plaintiff's legal right to keep the property under a thirty year plea of prescription.
From the pleadings and admitted evidence the possession of Coats alone appears to be of three years duration immediately prior to the suit. But clearly if plaintiff through Mrs. Coats can prove the type of possession prescribed by the above mentioned Codal articles, and that this possession can be by legal contemplation tacked on to the possession of Coats, plaintiff may establish the required possession of thirty years and successfully claim the benefits of Articles 3475 and 3499 of the LSA-Civil Code. Article 3495 of the LSA-Civil Code requires that in order to enjoy the advantages of tacking on the separate possessions, they must have succeeded each other without interval or interruption. In Buckley v. Catlett, 1943, 203 La. 54, 13 So.2d 384, 386, the court in discussing the tacking on of possession, had this to say:
"On this subject, it is well established in our jurisprudence that, for the purpose of claiming land under the prescription of 30 years, several successive possessors cannot be joined to show a continuous adverse possession, unless there is a privity of estate or contract between the occupants. The reason for this rule is that the several acts of adverse possession are construed as nothing more than a series of independent trespasses, and on the termination of each of those acts the possession returns by operation of law to the rightful owner of the immovable. Sibley v. Pierson, 125 La. 478, 51 So. 502; Harang v. Golden Ranch Land & Drainage Company, [143 La. 982, 79 So. 768] supra; Emmer v. Rector, 175 La. 82, 143 So. 11."
In Emmer v. Rector, supra, [175 La. 82, 143 So. 14] the court quoted from Volume I, R.C.L., page 717:
"Between Whom Privity Exists. Privity denotes merely a succession of relationships to the same thing, whether created by deeds, or by other act, or by operation of law. If one by agreement *232 surrenders his possession to another, and the acts of the parties are such that the two possessions actually connect, the latter commencing at or before the former ends, leaving no interval for the constructive possession of the true owner to intervene, such two possessions are blended into one, and the limitation period upon the right of such owner to reclaim the land is thereby continued; indeed that purpose of continuous possession is the continuous ouster of the owner."
Webster's Twentieth-Century Dictionary (1938) defines privity: "* * * 5. In law, a peculiar mutual relation which subsists between individuals as to some particular transaction."
In the light of these definitions, the pleadings and the indicated effect of the evidence tendered and excluded, we think plaintiff had he not been stopped by the court, might have established a privity between himself and his mother by proving he began his possession with her consent and in contemplation of transferring to him her prior possession and claim to ownership or with an understanding he would possess with the intention of owning the property.
Counsel for plaintiff cite Blades v. Zinsel, 1930, 15 La.App. 104, 130 So. 139, 141, to point out a vendor claiming under thirty years prescription cannot add a vendor's possession to his own, when there is no privity of contract between them. The cited case was originally brought as a petitory action against a defendant having only fifteen years of actual possession, the defendant having begun his possession as owner under a judgment of court. The origin of Zinsel's possession under a judgment of the court was unrelated to the possession of his vendor and the court properly pointed out there was no privity between the two resulting from a subsequently acquired deed. But in the instant case Coats derived his occupancy from Mrs. Coats, which he commenced with possession as owner. There was, in our opinion, privity of contract between plaintiff and Mrs. Coats.
Counsel for defendant cite also Britt v. Caldwell-Norton Lumber Co., Ltd., 1910, 126 La. 155, 52 So. 251, 252, as justification for the exclusion of the deed from Mrs. Coats to the plaintiff. That case, however, is inapposite as the party so offering the deed executed after the filing of suit was a plaintiff in a petitory action who must stand on the strength of his own title. The court observed:
"If he fails in this entirely, he cannot build up a title of his own, which is necessary for him to recover under the guise of attacking the defendant's title."
In the case at bar plaintiff commenced the suit as an action in jactitation. He is not required to legally anticipate and prematurely defend a petitory action created only by defendant's answer. The date of Mrs. Coats' deed to her son, as we see it, was relevant as evidence of the relationship between herself and son, which no doubt existed from the moment he placed himself in possession of the property with the understanding he would become the owner thereof. Except as an incident to possession and evidence to establish privity between the parties, the instrument is not otherwise important.
In conformity with the foregoing authorities we think the court was in error in excluding the evidence tendered by plaintiff to establish legal possession for thirty years by showing the necessary privity in the relationship between himself and his mother.
It is, therefore, our conclusion that the judgment from which appealed must be set aside and the case remanded for trial according to law and not inconsistent with the views expressed herein. Appellee to be taxed with costs of this appeal, all other costs to be assessed upon the final determination of the case.