AYRES, Judge.
This is a petitory action. The property, the title to which is in Contest, consists of 9.68- acres located in the SW% of SEj4, Sectiofl- 8, 'Township 1- -North, Range 8 East, Franklin Parish, Louisiana. This tract 'is very irregular in shape and- is outlined by an-old-winding, turning, serpentine fence.
Plaintiff’s claim is predicated upon a recorded 'chain of title emanating from the United States Government. By stipulation, it was so admitted. Defendant has no recorded title but bases his claim on a prescription of 30 years acquirendi causa.
For written reasons assigned by the trial judge, there was judgment overruling defendant’s plea of 30 years’ prescription and *197 decreeing plaintiff the owner of said property and, as such, he was sent and placed in possession thereof. From the judgment thus rendered and signed,, defendant appealed.
The sole issue involved is whether or not the defendant can tack on to his possession the possession of his predecessors to make up the requisite- period of 30 years’ possession.
The facts are not in dispute. Defendant is the record owner of the SE1^ of SE^j Township 16 North, Range 8 East, which is adjacent to and adjoins the 40 acres in which the disputed; acreage is situated. R. H. Morgan, defendant’s father, acquired the aforesaid SE|4 pf SEj4 on October 28, 190.1, and, immediately following, he .took possession thereof by clearing, fencing and cultivating a portion of the .land and.constructing a residence thereon, the fence extending to and enclosing with the property acquired by .him the 9;68 acres situated in the said SWj4 of -SE^.- Morgan acquired this property during.his marriage.tb Mrs. Nettie. Cryder1 Morgan, with whom he lived in community and who died a year.or two following- its acquisition. The deceased wife left four children) issue of her marriage, with, the. -said R. H. Morgan, namely, R. L. Morgan, defendant, Robert B. 'Morgan, - Wylie Morgan and Clifton Morgan. Defendant R.- L. Morgan sold and- conveyed to his father October IS, 1919, his Ys interest in the said SEj4 of SE14 as inherited by him from his mother, but, on August 20, 1920, he acquired from Robert B. Morgan the latter’s Y& interest, in said 40 acres as inherited by him. October 20, 1951, Wylie Morgan sold and conveyed ’to his-father, R. H. Morgan, his inheritance of Y% ■ interest in and ■ to said 40 acres. Thereafter, on September 5, 1927, R. H. Morgan,- then the owner of an undivided % interest in and to the aforesaid 40 acres, conveyed the same by deed to defendant, who then became the owner of an undivided fg interest in said 40 acres.
It appears from the .record that Clifton Morgan, d.ied,' the date. of,.which, is. pot . shown by the record, leaving as. his sole and only heirs Walter Lee Morgan and J. P, Morgan, who in February of 1941 sold their Ys interest in the aforesaid 40 acres to defendant, who thereby became the owner of .the whole -of said SE14 of SEj4 by recorded title. • - ,
R. H. Morgan’s possession of the aforesaid 40 acres of land, together with the aforesaid portion of the SW^ of SE¡4, enclosed under fence, terminated with his sale to the defendant September 5, 1927, on which date the defendant acquired and entered , into actual possession thereof. Therefore, neither R. H. Morgan nor the defendant had possession of. said property for the required length of time so as to acquire same by prescription of 30 years under the provisions of LSA-C.C. Art. 3499, which reads: .., ■.
“The ownership of immovables' is' prescribed for by thirty ‘year's without' any need of title or possession in. good faith”,
and LSA-C.C. Art. 3548, which-states:
“All .actions for immovable property, or for an entire estate, as a succession, are prescribed by; thirty years,”
None of the deeds in' defendant’s chain of title to the aforesaid .SE^ of SE% -describe or include the 9.68 acres in -the SWj4 of SEi/4.- The general-rule'is-that one can not add'tó-hís own the possession of predecessors in - order to make -up the -30 years necessary for the acquisition of title by prescription- where title to property is claimed beyond that -described in the- acts of conveyance, in the absence of privity of estate or contract between the occupánts. In this connection, in Sibley v. Pierson, 125 La. 478, 514, 51 So. 502, 513, our Supreme Court stated:
“ * * * and where á person, having acquired a particular described tract of land, has taken possession df an adjoining tract, or, having acquired a specific interest in a particular tract,., has taken possession, of the whole, with a view of acquiring the additional tract, or interest, merely by . holding possession of, it under a claim of ownership, he does not convey such *198 possession to a vendee, to whom he sells 'the tract or interest described, and such vendee cannot, for the purpose of aiding himself in the acquisition by prescription of property not included in his title, add his vendor’s'possession to his own, there being no privity between him and his vendor in that respect. Civ.Code, art 3520; Prevost[’s Heirs] v. Johnson, 9 Mart., O.S. [123] 170; City [of New Orleans] v. Shakespeare [Shakspeare], 39 La.Ann. 1033, 3 So. 346; [Vicksburg, S. & P.] Railway Co. v. Le Rosen, 52 La.Ann. [192] 204, 26 So. 854; Jasperson v. Scharnikow, 15 L.R.A. 1192, 1202 (notes); A. & E. Enc. of Law (2d Ed.) vol. 1, pp. 842, 845; Cyc. vol. 1, p, 1007.”
Later, in reviewing the jurisprudence on the subject, the court stated in Buckley v. Catlett, 203 La. 54, 13 So.2d 384, 386:
“On several occasions this court has declared Civil Code, Article 3548, to be merely an affirmance of Civil Code, Article 3499, by which the ownership of immovable property is acquired by 30 years’ possession. Generes v. Bowie Lumber Company, 143 La. 811, 79 So. 413; Harang v. Golden Ranch Land & Drainage Co., 143 La. 982, 79 So. 768. Moreover, it is well settled, as said in Thibodeaux v. Bonnabel Land Company, 171 La. 639, 131 So. 833, 837, that ‘an owner of land does not lose his title by prescription by remaining out of possession for any'length of time, unless some one else has been in possession long enough to acquire the title by prescription. The reason is that an owner has as much right to remain out of possession as he has to remain in possession of his property; the only risk of remaining out of possession being that some one else might be in .possession long enough to acquire title by prescription.’
“Anent the pleaded acquisitive prescription of 30 years, it is not disputed by defendant that neither he nor any one of his predecessors ever held possession of the contested part of Lot 4 for the required period of time. But he contends that by adding his possession to that of his authors, a prescriptive title has been acquired by him. On this subject, it is well established in our jurisprudence that, for the purpose of claiming land under the prescription of 30 years, several successive possessors cannot be joined to show a continuous adverse possession, unless there is a privity of estate or contract between the occupants. The reason for this rule is that’the several acts of adverse possession are construed as nothing more than a series of independent trespasses, and on the termination of each of those acts the possession returns by operation of law to the rightful owner of the immovable. Sibley v. Pierson, 125 La. 478, 51 So. 502; Harang v. Golden Ranch Land & Drainage Co., supra; Emmer v. Rector, 175 La. 82, 143 So. 11.”
To the same effect are the opinions of the Court of Appeal for the First Circuit in Beam v. Dudding, 43 So.2d 73, 74; Courvelle v. Eckart, 49 So.2d 658, 664, and Sattler v. Pellichino, 71 So.2d 689, 695-696, and the opinions of this court in Merritt v. Smith, 35 So.2d 817, and Coats v. Lee, 70 So.2d 229, 231-232. In all of these cases it was held that, .for the purpose of establishing prescriptive title under LSA-C.C. 3548, one could not tack, on to his own adverse possession the continuous adverse possession of the property in contest by his authors or vendors in title to adjoining or adjacent property. It was likewise held by the Supreme Court in Thurmon v. Hogg, 225 La. 263, 72 So.2d 500, 505, that for the purpose of claiming realty under the acquisitive prescription of 30 years, several successive possessors can not be joined to show a continuous adverse possession unless there is a privity of estate or contract between the occupants.
Inasmuch as in defendant’s deeds to the adjoining property no reference is made to the property possessed beyond such instruments, there is no privity of contract between plaintiff and his vendors. No other act or instrument is relied upon to' estab *199 lish a privity between the parties. Neither is it contended by defendant that a privity of.estate or possession exists between him and such vendors by operation of law, such as by inheritance. Therefore, in order for the defendant to add to his own the possession of his vendors, his title and the title of those whose possession he seeks to add to his own must include the property in dispute, otherwise, there is .no “privity of estate or contract”.
Defendant cites and relies upon the cases of Thompson’s Succession v. Cyprian, La.App., 34 So.2d 285; Latiolais v. Robert, La.App., 8 So.2d 347; Henly v. Kask, La.App., 11 So.2d 230; Vicknair v. Langridge, La.App., 57 So.2d 714, and Duplantis v. Locascio, La.App., 67 So.2d 125. In the case first cited the issue was one of the sufficiency of corporeal possession of the property in dispute under a plea of 30 years’ acquisitive prescription. No issue was involved of the privity of estate or contract.- The other cases were not petitory actions but were actions in boundary.
 The tacking on of successive possessions is permitted in boundary actions without the necessity of privity of estate or contract. This has been the settled jurisprudence since the decision of our Supreme Court in the leading case of Opdenwyer v. Brown, 155 La. 617, 99 So. 482. The rule of tacking on of successive possessions is inapplicable to petitory actions.
The case of Ford v. Ford, La.App., 34 So.2d 301, also cited by defendant, is likewise inapplicable for the reason a privity of contract was found by the court to have existed between the successive possessors of the property and the case is therefore distinguishable from the case now before us.
No conclusion could be reached from the facts established by the record other than that no privity of contract or estate by virtue of a deed or other instrument or written act or by operation of law has been shown to have existed between defendant and his vendors. Therefore, defendant is not entitled to the benefit of adding the adverse possession of his vendors to that of his own so as to constitute the requisite 30 year's’ possession as- a basis for acquiring a title under such period of acquisitive prescription. .
Finding no error in the judgment appealed, it is, accordingly, affirmed at appellant’s costs.
Affirmed.