SIMON, Justice
(dissenting).
After carefully reviewing the views expressed in the majority opinion as well as the several authorities cited therein, I am convinced that the holding of the majority does violence to the applicable codal articles and our jurisprudence.
This is purely a suit brought under the provisions of LSA-C.C. Art. 823 to estab *455 lish a boundary line. The validity of any written title isoin no way involved. Defendants rely upon LSA-C.C. Art. 852 in pleading the prescription of 30 years, the provisions of which article apply only in an action in boundary. Where title is claimed the codal article, supra, is not applicable.[1] It cannot be denied that the boundary line as fixed in the respective written titles of the litigants is the ideal boundary, nor is there any claim set up that those titles conflict in any manner with each other.
Defendants contend that they and their authors, having had the possession of the strip of land in controversy herein, have acquired the ownership thereof by the prescripton of thirty years.
Article 852 of our LSA-C.C. reads: “Whether the titles, exhibited by the parties, whose lands are to be limited, consist of primitive concessions or other acts by which property may be transferred, if it be proved that the person whose title is of the latest date, or those under whom he holds, have enjoyed, in good or bad faith, uninterrupted possession during thirty years, of any quantity of land beyond that mentioned in his title, he will be permitted to retain it, and his neighbor, though he have a more ancient title, will only have a right to the excess; for if one cannot prescribe against his own title, he can prescribe beyond his title or for more than it calls for, provided it be by thirty years possession.”
There is no dispute on the facts found by the trial judge, the intermediate appellate court and this Court, which briefly stated, are as follows:
In 1860 one George Hale acquired all of the property now involved in this litigation, and following his death it was conveyed to one Jacob Hale in 1894. In October of 1903 Jacob Hale sold to James Hawkins a 40 acre tract therefrom, its western boundary line being described therein as the center sectional line. Immediately following this acquisition Hawkins caused the property to be surveyed and in February, 1904 built a fence along the line thus established by the survey. It is conceded, however, that the survey was not conducted according to our codal requirements and that it encroaches on the Jacob Hale property presently owned by plaintiff, being a strip varying from 90 to 113 feet in width; thus, diminishing the Jacob Hale title by some two acres of land.
James Hawkins died in 1930, and his children inherited his estate. One of his surviving daughters, a defendant herein, still lives on the portion inherited by her. Another daughter sold her inherited portion in 1952 to Don Hemperley, the co-defendant in this proceeding.
*457 Subsequent to 1904 Jacob Hale sold the remainder of his property acquired in 1894, or the- other tract here involved, to one Pitts. The latter in turn sold said property in 1925 to one Allen Stanberry, who, after having lived thereon for some fifteen years, sold the property in 1940 to the plaintiff Sessum.
Following his acquisition in 1952 Don Hemperley questioned the location of the fence, contending it should be some 54 feet further east. Plaintiff thereupon had the entire property surveyed, and, upon discovering the dividing line between the estates belonging to him and the defendants according to the written title delineation to be the sectional center line, instituted this suit to have the boundary fixed according to law. He alleged that the boundary had never been previously fixed between the estates although he had erected a fence after his acquisition in 1940 .on a purported line which wrongfully and erroneously established the boundary.
In their answer the defendants aver that no survey is necessary for the reason that the boundary line between the properties has been long established by a visible fence which was constructed along said line to the knowledge of all the parties in 1904 and which has existed and been recognized as such for more than thirty years; that this fence, being a visible and material boundary between the two properties, and defendants having actually and physically possessed the land enclosed therein openly and publicly, the plea of 30 years prescription should be maintained and plaintiff’s suit dismissed.
The trial court recognized the principle of law pronounced by LSA-C.C. Art. 852 that: “Where there is a visible boundary which has been in existence for thirty years or more and defendant in a boundary action and his predecessors in title have, in addition to the land described in the title, actually possessed land extending to that visible boundary, a plea of prescription will be sustained as a barrier to the action in boundary.”
This pronouncement eminently states the law; however the trial judge further held that before 0the fence line or other visible artificial boundary would be recognized “it must be first established that this visible boundary was erected and maintained as the result of the mutual consent of the respective owners, and that it would accordingly serve as the boundary marking the limits of their respective estates.” (Italics mine.) Accordingly, there being no proof of mutual consent, judgment was rendered in favor of plaintiffs.
The court of appeal, on first hearing, held that: “Where there is a visible boundary recognized and acquiesced in (not consented to) as such for 30 years or more, to which defendants and their predecessors in title have, in addition to the land describ *459 ed in their title, actually possessed, a plea of prescription of 30 years interposed by the defendants will be sustained in an action of boundary.” [83 So.2d 548.]
On rehearing, the court of appeals reversed its original opinion and affirmed the judgment of the lower court, holding that before a fence or other visible artificial boundary which has been erected and maintained as such can be given recognition as a boundary line under the thirty year prescriptive period “it must have been erected and maintained as the result of the mutual consent of the respective owners and for the purpose of serving as a boundary marking the limits of their respective estates.” (Italics mine.)
No citation of authority is necessary to support the well-accepted principle that the party who alleges that a certain visible boundary is to be preferred to the ideal bounds called for by the titles has the burden of proving that the said visible boundary has been in existence and recognized as such for the required period of thirty years.
It is also well established that where there is a visible boundary which has been in existence for thirty years or more and the defendant in a boundary action or his predecessors in title have, in addition to land described in the title, actually possessed land extending to that visible boundary, a plea of prescription of thirty years will be sustained. Beene v. Pardue, La. App.1955, 79 So.2d 356; Sattler v. Pellichino, La.App.1954, 71 So.2d 689; Adams v. Etheredge, La.App.1954, 70 So.2d 388; Duplantis v. Locascio, La.App.1953, 67 So. 2d 125; Tate v. Cutrer, La.App.1951, 53 So.2d 285; Picou v. Curole, La.App.1950, 44 So.2d 354; Latiolais v. Robert, La.App. 1942, 8 So.2d 347.
In the case of Opdenwyer v. Brown, 155 La. 617, 99 So. 482, after reviewing many authorities we recognized that boundaries long established should not be disturbed. We further held that the holder of the junior title may retain any quantity of land beyond his title which he or those under whom he holds may have possessed for thirty years.
In Emmer v. Rector, 175 La. 82, 143 So. 11, 14, the Court said:
“Article 3475 of the Civil Code provides that: 'Immovables are prescribed for by 30 years without any title on the part of the possessor, or whether he be in good faith or not.’ ” We went further on to say, “Under these codal articles actual possession by a party and his authors in title for more than 30 years gives the possessor title by prescription.”
In the case of Broussard v. Guidry, 127 La. 708, 53 So. 964, 967, this Court maintained a boundary which had stood undisturbed for more than thirty years, although said boundary did not correspond with the *461 original survey and the defendant had in her possession 90 acres more than her titles called for, while plaintiff lacked more than 80 acres than his titles called for. We said: “Defendant and her authors having had possession, we maintained the prescription of 30 years.”
It seems clear to me that the now' well-established rule, as a result of these decisions, is that where there is a visible boundary which has been in existence for 30 years or more and the defendant in a boundary action, or his predecessors in title have, in addition to the land described in the title, actually possessed land extending to that visible boundary, a plea of prescription of thirty years should be sustained. I am cognizant of the fact that in order for this rule to apply, two conditions must concur. First, there must be a visible boundary, artificial or otherwise, such as a fence or wall. Second, there must be actual possession, either in person or through ancestors in title, for thirty years or more of the land described in the title and also of the land beyond the title extending to, and as far as, the actual physical boundary. These conditions have been completely met in the instant case.
The trial judge found as a conclusive fact and the testimony contained in the record unmistakably shows that a visible, physical boundary, separating the property of plaintiffs and defendants, namely a fence, was erected by defendants or their authors in 1904, or more than thirty years prior to the filing of this suit, and that this fence was maintained to the present date; and that these defendants peaceably and publicly possessed the land contained within and extending to the said fence line.
The court of appeal on first hearing concluded that the defendants had not only established that this fence was constructed in 1904 but that it had been maintained since that time and was recognized as a boundary, the defendants having at all times possessed the land up to this fence line openly, and as owners.
On rehearing, the court, however, reversed this holding and affirmed the judgment of the trial court, holding that, irrespective of its prior conclusions on the facts, since the fence line admittedly constructed was erected and maintained without the mutual consent of the respective owners and for the purpose of serving as a boundary marking the limits of their respective titles, the plea of thirty years prescription was not available. (Italics mine.)
The majority opinion, I respectfully submit, falls into the same error.
LSA-C.C. Art. 852 and our applicable jurisprudence do not exact as a condition precedent the mutual consent of the respective owners. The adverse possession of land beyond a written title up to a visible boundary for a period of thirty years, whether in good or bad faith, is all the law *463 demands and thus make effective the prescriptive plea of thirty years.
Some question is raised as to the fence line not extending the full depth of the properties in question, it appearing that conflicting evidence raised the inference that about 50 to 60 feet of the fence line had not been built.
Be that as it may, the record discloses and plaintiff admits in his pleadings that in 1940, the year he purchased the property, he himself actually constructed a continuation of the fence line built in 1904 to the public road, and that this extended fence has remained in existence for more than ten years prior to the institution of this suit. Under such a judicial confession, Art. 853 of our LSA-C.C. is clearly applicable in that the rectification of an error in fixing boundaries is prescribed by proof of adverse possession of that part of the land erroneously included during the period of ten years. Kobler v. Koch, La.App., 6 So.2d 55.
I respectfully dissent.

. Foscue v. Mitchell, 190 La. 758, 182 So. 740, 745.