SAVOY, Judge.
This is a petitory action brought by plaintiff against defendant whereby plaintiff desires to be recognized as the true and lawful owner of certain real estate situate in the Parish of Catahoula, Louisiana.
For a cause of action plaintiff alleged an unbroken chain of title to said property, and stated that the defendant was in possession of said property without color of title or right whatsoever, and was possessing in bad faith. Plaintiff prayed that he be decreed to be the owner of said property.
Defendant admitted that he was in possession of said property by virtue of a good and valid title, setting forth his chain of title. In the alternative, defendant stated that he and his authors in title have had the property enclosed under fence and have been in actual, physical, open, corporeal and continuous possession for a period of more than thirty years, and plead specially the prescription o.f thirty years provided in Articles 3475 and 3499 of the Louisiana Civil Code, LSA.
Defendant then assumed the position of plaintiff-in-reconvention, stating that a visible boundary fence separated the land of plaintiff and defendant and that the actual boundary between the properties had been there for more than thirty years, and plead prescription of thirty years as provided for by Article 852 of the Louisiana Civil Code, LSA.
On these issues the case was tried.
The lower court, without- assigning any written reasons, maintained the defendant’s plea of acquisitive prescription of thirty years, dismissed plaintiff’s suit, and decreed defendant to be the owner of the property in dispute. From this judgment the plaintiff perfected an appeal to this court.
During the trial of-the case, plaintiff and defendant agreed that a plat prepared by W. H. Griffith, Engineer, dated July, 1959, gave an accurate description of the property in dispute, and designated same as Tract A on said plat. This-plat was introduced in evidence as a joint offering.
Counsel for defendant now concedes that there was not a common boundary between the property owned by plaintiff and defendant for a thirty year period and therefore has abandoned his reconventional demand dealing with the boundary question. He also has abandoned his defense that defendant has a record title to said property.
An examination of the record shows that the plaintiff is the record owner of the land in dispute, designated as Tract A, through an unbroken chain of title. If the defendant is to succeed in this case, he will have to depend on the thirty years acquisitive pre *484 scription provided by Articles 3475 and 3499 of the Louisiana Civil Code, LSA. These articles provide:
“Art. 3475. Immovables are prescribed for by thirty years without any title on the part of the possessor, or whether he be in good faith or not.”
“Art. 3499. The ownership of im-movables is prescribed for by thirty years without any need of title or possession in good faith.”
Defendant contended that he was entitled to tack on the possession of his authors in title and that the combined possessions would exceed thirty years.
The article of the Civil Code dealing with the tacking of possession for acquisitive prescription is found in Article 3493, LSA-Civil Code. This article declares:
“Art. 3493. The possessor is allowed to make the sum of possession necessary to prescribe, by adding to his own possession that of his author, in whatever manner he may have succeeded him, whether by an universal or particular, a lucrative or an onerous title.”
The evidence revealed that defendant purchased from the heirs of W. A. Davis the property shown on the Griffith plat as George McGee Tract. This property consisted of approximately 125 acres. Defendant purchased said property in 1929, so that at the time the suit was filed, the thirty year prescriptive period had not run.
After the filing of the suit, namely on the 4th day of September, 1959, defendant secured an act of correction and confirmation of the deeds wherein he had acquired the property from the W. A. Davis heirs, which act of correction and confirmation purport to include the land in litigation.
In determining tacking of possession of the vendor for the purposes of thirty year prescription, the Supreme Court in the case of Harang v. Golden Ranch Land & Drainage Co., 143 La. 982, 79 So. 768, 780, said:
“ ‘Tacking Possessions of Same Person Temporarily Interrupted. — Since the constructive possession of the true owner revives when actual possession by the adverse claimant ceases, a renewed adverse possession by him after temporary abandonment cannot be tacked to his prior possession to make out the statutory period. Nor can one adverse holder tack together his own several holdings when he has allowed another person to acquire the intermediate tortuous possession before his own has ripened into title.’ 1 Cyc. 1009.
“ ‘Several successive possessions cannot be tacked for the purpose of showing a continuous adverse possession, where there is no privity of estate or connection of title between the several occupants. Entries of this character, neither of which continues for the limitation period, are merely a series of independent trespasses which cannot ripen into title, because the law restores the possession of the rightful owner on every discontinuance of the possession of one who holds adversely to him.’ 1 R.C.L. 720.
“ ‘Between Whom Privity Exists.— Privity denotes merely a succession of relationships to the same thing, whether created by deeds or by other act, or by operation of law. If one by agreement surrenders his possession to another, and the acts of the parties are such that the two possessions actually connect, the latter commencing at or before the former ends, leaving no interval for the constructive possession of the true owner to intervene, such two possessions are blended into one, and the limitation period upon the right of such owner to reclaim the land is thereby continued; indeed that purpose of continuous possession is *485 the continuous ouster of the owner.’ 1 R.C.L. 718.”
In support of his position defendant relied on the cases of Coats v. Lee, La.App., 70 So.2d 229 and La.App., 81 So.2d 118, 119.
In the first reported case, supra, plaintiff brought an action of jactitation against defendant. Defendant admitted the adverse possession, but claimed legal title to the property. Upon trial of the case, attorney for plaintiff offered an act .of donation from J. W. Carnes to Mrs. C. L, Coats and attempted to introduce a deed from Mrs. C. L. Coats to plaintiff. The trial court refused to allow the deed because it was executed after the suit was filed. Plaintiff appealed from the ruling of the trial court and filed in the appellate court a plea of prescription of thirty years under the provisions of Articles 3475 and 3499, as qualified by Articles 3430, 3495, 3500, 3501, 3502, 3503 and 3505, LSA-Civil Code.
On appeal the judgment of the lower court was reversed, the court saying:
"From the pleadings and admitted evidence the possession of Coats alone appears to he of three years duration immediately prior to the suit. But clearly if plaintiff through Mrs. Coats can prove the type of possession prescribed by the above mentioned Codal articles, and that this possession can be by legal contemplation tacked on to the possession of Coats, plaintiff may establish the required possession of thirty years and successfully claim the benefits of Articles 3475 and 3499 of the LSA-Civil Code. Article 3495 of the LSA-Civil Code requires that in order to enjoy the advantages of tacking on the separate possessions, they must have succeeded each other without interval or interruption. In Buckley v. Catlett, 1943, 203 La. 54, 13 So.2d 384, 386, the court in discussing the tacking on of possession, had this to say:
“ ‘On this sub j ect, it is well established in our jurisprudence that, for the purpose of claiming land under the prescription of 30 years, several successive possessors cannot be joined to show a continuous adverse possession, unless there is a privity of estate or contract between the occupants. The reason for this rule is that the several acts of adverse possession are construed as nothing more than a series of independent trespasses, and on the termination of each of those acts the possession returns by operation of law to the rightful owner of the immovable. Sibley v. Pierson, 125 La. 478, 51 So. 502; Harang v. Golden Ranch Land & Drainage Company, (143 La. 982, 79 So. 768) supra; Emmer v. Rector, 175 La. 82, 143 So. 11.’
“In Emmer v. Rector, supra, (175 La. 82, 143 So. 14) the court quoted from Volume I, R.C.L., page 717:
“ ‘Between Whom Privity Exists.— Privity denotes merely a succession of relationships to the same thing, whether created by deeds, or by other act, or by operation of law. If one by agreement surrenders his possession to another, and the acts of the parties are such that the two possessions actually connect, the latter commencing at or before the former ends, leaving no interval for the constructive possession of the true owner to intervene, such two possessions are blended into one, and the limitation period upon the right of such owner to reclaim the land is thereby continued; indeed that purpose of continuous possession is the continuous ouster of the owner.’
“Webster’s Twentieth-Century Dictionary (1938) defines privity: ‘* * * 5. In law, a peculiar mutual relation which subsists between individuals as to some particular transaction.’ ” [70 So.2d 231.]
The Court ruled that the excluded deed should have been allowed in evidence and remanded the case to the lower court.
*486 On the second hearing, the lower court held that plaintiff Coats had failed to show sufficient tacking of his possession to maintain the thirty years prescription.
The matter was again appealed to the Court of Appeal.
The appellate court found that the record contained a deed from John W. Carnes in favor of Mrs. Coats, dated November 22, 1922, and two deeds from Mrs. Coats to plaintiff dated July 13, 1946, and February 5, 1953, in which latter deed only the property in dispute was described.
The Court found the deed was admissible for the purpose of showing the contractual relationship between plaintiff and his mother, Mrs. Coats. They also found that there was no separation of their two possessions, and the consent was given by Mrs. Coats for her son to take over her possession of the'disputed property.
The Court also found that plaintiff had failed to show thirty years acquisitive prescription and affirmed the judgment of the trial court.
Counsel for defendant contends very effectively that the confirmation deed secured by George McGee on the 4th day of September, 1959, satisfied the privity of contract requirement as set forth in the Coats case, supra; that since McGee has shown a privity between the Davis heirs and himself he is entitled to tack on their possession to his, and that the combined possessions exceed the period necessary to acquire title to land by acquisitive prescription of thirty years.
Privity of contract is a mutual relationship which subsists between individuals as to some particular transaction. Coats v. Lee, supra.
This Court is of the opinion that since the privity between the Davis heirs and George McGee deals with real estate, to be effective it would have to be in writing; that all of the parties to the agreement would have to sign same for it to be binding and valid. In the case at bar there were seven vendors in the original conveyance from the heirs of Davis to McGee, whereas in the confirmation deed of September 4, 1959, only three of the original seven vendors signed said instrument.
If the Court should be in error in its attempt to distinguish the Coats case, supra, from the case at bar, then the Coats case, supra, would be in conflict with the ruling of the Supreme Court. In the case of Sibley v. Pierson, 125 La. 478, 51 So. 502, to the effect that where one possesses beyond his title, but sells according to his title, the vendee cannot, for the purposes of prescription of thirty years, acquirendi causa, tack to his possession that of his vendor of the property which is not included in the deed by which he acquiresthere being no privity between him and his vendor with respect to such possession. See also Buckley v. Catlett, 203 La. 54, 13 So.2d 384. The Sibley case, supra, has been cited with approval in many other decisions and has never been overruled, whereas the Coats case, supra, stands alone.
Defendant next contended that the Green Survey, designated as Exhibit D-12, is another indication of the privity of interest between defendant and his vendors and their authors in title. An examination of the Green Survey does not add anything to the case. It cannot be determined from an examination of the Green Survey whether the property in this litigation is included therein. There is nothing in the sale from the heirs of Davis to defendant which makes the Green Survey a part thereof. In fact, there is no mention of it in the sale.
This Court concludes that the defendant has not proven his case'with that certainty required by law, and accordingly, the plea of prescription of thirty years is overruled.
For the written reasons assigned, the judgment of the lower court is reversed, annulled and set aside, and judgment is hereby rendered in favor of plaintiff, John Z. Stutson, and against defendant, George *487 McGee, decreeing plaintiff, John Z. Stutson, to be the record owner of the following described property situate in the Parish of Catahoula, State of Louisiana, to-wit: All that portion of the East Half of the Northeast Quarter of Lot 1 of Section 13, Township 9 North, Range 6 East, Louisiana Meridian, lying South and West of the Doty Road.
Defendant is to pay all costs of court.
Reversed and rendered.